UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
THE NORTHERN DIVISION

RECEIVED

2007 FEB 16  P 2: 36

DEBRA P. HACKETT, CLK
US DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| CAROLYN MILLENDER | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) CASE NO.: 2:07 CV 145-MHT |
| | ) |
| H. COUNCILL TRENHOLM STATE | ) |
| TECHNICAL COLLEGE; ANTHONY | ) |
| MOLINA, in his official capacity as | ) |
| President of H. Councill Trenholm State | ) |
| College, | ) |
| | ) |
| Defendants. | ) |

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| CAROLYN MILLENDER | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) Civil Action Case No: CV-07-17 |
| | ) |
| H. COUNCILL TRENHOLM STATE | ) |
| TECHNICAL COLLEGE; ANTHONY | ) |
| MOLINA, in his official capacity as | ) |
| President of H. Councill Trenholm State | ) |
| College, | ) |
| | ) |
| Defendants. | ) |

## PETITION FOR REMOVAL

COME NOW the Petitioners, H. Councill Trenholm State Technical College
(hereinafter referred to as "Trenholm State Technical College") and Anthony Molina, in
his official capacity as President of H. Councill Trenholm State College, through

undersigned counsel, and pursuant to 28 U.S.C. § 1446, respectfully show this Court the following:

1.  The Petitioners are the Defendants in the above styled action.

2.  The Plaintiff is a female employee at Trenholm State Technical College.

3.  On or about January 4, 2007, the Plaintiff filed the above styled action against these Defendants/ Petitioners in the Circuit Court of Montgomery County, Alabama where it remains pending.

4.  On January 17, 2007, the Defendants/Petitioners were served with the summons and complaint by certified mail in Montgomery County, Alabama, copies of which are attached hereto at Exhibit "A".

5.  This Petition for Removal is filed with this Court within thirty (30) days after the Defendants/Petitioners were served with the summons and complaint in the above-styled action.

6.  In her Complaint, the Plaintiff asserts claims: for sex discrimination and retaliation under Title VII (Count I); for violation of the Equal Pay Act (Count II); for gender discrimination in employment practices under the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. §1983 (Count III); for retaliatory employment practices under the First and Fourteenth Amendments to the Constitution to the United States and 42 U.S.C. § 1983 (Count III); and for breach of contract (Count IV).

7.  The Plaintiff seeks monetary damages in addition to injunctive and declaratory relief for the purported discrimination to which she has allegedly been subjected in pay and promotion and for the purported retaliation to which she also claims to

2

have been subjected for filing an EEOC charge and complaining about the same, all of which are more fully described in the Complaint attached hereto at Exhibit "A".

8.      As noted above, the Plaintiff has stated federal causes of action on the face of her Complaint including Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, the Equal Pay Act, 29 U.S.C. § 206(d), and 42 U.S.C. § 1983. This Court has supplemental jurisdiction over the Plaintiff's pendant state law contract claim pursuant to 28 U.S.C. §1367(a).

9.      This Court, therefore, has original jurisdiction of the above entitled action pursuant to the provisions of 28 U.S.C. § 1331 and removal of this action is proper pursuant to 28 U.S.C. § 1441(b).

      WHEREFORE, premises considered, the Defendants/Petitioners respectfully petition this Court for removal of the above entitled action from the Circuit Court of Montgomery County, Alabama to Federal Court.

      Respectfully submitted on this the 16th of February, 2007.

Mary Goldthwaite (GOL103)
Assistant Attorney General
Attorney for Defendants H. Councill
Trenholm State Technical College and
Anthony Molina

OF COUNSEL:


OFFICE OF THE ATTORNEY GENERAL
11 South Union Street
Montgomery, AL  36130
(334) 242-7443
(334) 242-2433




<u>CERTIFICATE OF SERVICE</u>


      I hereby certify that I have, on this the 16th day of February , 2007, served a copy of the foregoing on the following counsel, by placing same in the United States mail, postage prepaid, and properly addressed as follows:

William F. Patty, Esq.
Beers, Anderson, Jackson, Patty, Van Heest & Fawal, PC
P.O. Box 1988
Montgomery, Al 36102


OF COUNSEL

| State of Alabama<br>Unified Judicial System<br>Form C-34    Rev 6/88 | **SUMMONS**<br>**-CIVIL-** | Case Number |
| --- | --- | --- |

**IN THE** _____ CIRCUIT _____ **COURT OF** _____ MONTGOMERY _____ **COUNTY**

**Plaintiff** Carolyn Millender    v.    **Defendant** H. Councill Trenholm State Technical College;
Anthony Molina, in his official capacity as President of
H. Councill Trenholm State Technical College

**NOTICE TO** _____ H. Councill Trenholm State Technical College, 1225 Air Base Boulevard,
Montgomery, AL 36108 _____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE
ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR
WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK
OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY
TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY_____ William F. Patty _____ WHOSE ADDRESS
IS Beers, Anderson, Jackson, Patty, Van Heest & Fawal, P.C., P.O. Box 1988, Montgomery, AL 36102; (334) 834-5311

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN __30__ DAYS AFTER THIS SUMMONS AND COMPLAINT
WERE DELIVERED TO YOU OR A JUDGMENT OF DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR
OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rule of Civil Procedure:

☐     You are hereby commanded to serve this summons and a copy of the complaint in this action upon the
defendant

☒     Service by certified mail of this summons is initiated upon the written request of _Plaintiff's Attorney_
pursuant to the Alabama Rules of Civil Procedure.

Date _1-17-07_ _____     _____ By:_____
                                                                Clerk/Register

☒     Certified Mail is hereby requested.     _____
                                                                Plaintiff's/Attorney Signature

RETURN ON SERVICE:
☐     Return receipt of certified mail received in this office on _____
                                                                                            (Date)
☐     I certify that I personally delivered a copy of the Summons and Complaint to _____
_____ in _____
_____ County, Alabama on _____.
                                                        (Date)


_____          _____
Date                                                          Server's Signature

_____          _____
Address of Server                                      Type of Process Server

**EXHIBIT**

**A**
_____

| State of Alabama<br>Unified Judicial System<br>Form C-34    Rev 6/88 | **SUMMONS**<br>**-CIVIL-** | Case Number<br>*CV 07-17* |
|---|---|---|

IN THE _____ CIRCUIT _____ COURT OF _____ MONTGOMERY _____ COUNTY

**Plaintiff**   Carolyn Miliender   v.   **Defendant**   H. Councill Trenholm State Technical College;<br>Anthony Molina, in his official capacity as President of<br>H. Councill Trenholm State Technical College , et al

NOTICE TO   Dr. Anthony L. Molina, in his official capacity as President of H. Councill Trenholm State Technical College, 1225 Air Base Boulevard, Montgomery, AL 36108   .

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY_____ William F. Patty _____ WHOSE ADDRESS IS  Beers, Anderson, Jackson, Patty, Van Heest & Fawal, P.C., P.O. Box 1988, Montgomery, AL 36102; (334) 834-5311

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN _30_ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT OF DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rule of Civil Procedure:

☐     You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☒     Service by certified mail of this summons is initiated upon the written request of _Plaintiff's Attorney_ pursuant to the Alabama Rules of Civil Procedure.

Date ___ *1-17-07* ___                    _____ By:_____
                                          Clerk/Register

☒     Certified Mail is hereby requested.        _____
                                          Plaintiff's/Attorney Signature

RETURN ON SERVICE:

☐     Return receipt of certified mail received in this office on _____
                                          (Date)

☐     I certify that I personally delivered a copy of the Summons and Complaint to _____
        _____ in _____
        _____ County, Alabama on _____.
                              (Date)


_____        _____
Date                                   Server's Signature

_____        _____
Address of Server                      Type of Process Server

## IN THE CIRCUIT COURT
## OF MONTGOMERY COUNTY, ALABAMA

**CAROLYN MILLENDER**                          )
                                               )
    **Plaintiff/Petitioner,**                  )
                                               )
**v.**                                         )      Case No.: _CY 07- 17_
                                               )
**H. COUNCILL TRENHOLM**                       )      **DEMAND FOR JURY TRIAL**
**STATE TECHNICAL COLLEGE;**                   )
**ANTHONY MOLINA, in his official**            )
**capacity as President of H. Councill**       )
**Trenholm State Technical College,**          )
                                               )
    **Defendants/Respondents.**                )

### COMPLAINT/PETITION FOR WRIT OF MANDAMUS

COMES NOW, the Plaintiff/Petitioner, Carolyn Millender (hereinafter "Plaintiff Millender"),

by and through counsel, and files this complaint and petition:

### BACKGROUND AND PARTIES

1.    Plaintiff Millender is a female adult resident of Montgomery County, Alabama.

2.    Defendant/Respondent H. Councill Trenholm State Technical College (hereinafter

"Defendant Trenholm") is an entity doing business in Montgomery County, Alabama and is an

employer within the meaning of Title VII of the 1964 Civil Rights Act and the 1991 Amendment

thereto.  Trenholm's campus and main offices are located in Montgomery County, Alabama.

Trenholm is a two-year public college in the Postsecondary College System.

3.    Defendant/Respondent Anthony Molina (hereinafter referred to as "Defendant

Molina") is sued in his official capacity as President of Trenholm.  Defendant Molina, as the

President of Trenholm, is the individual responsible for the daily operation of Defendant Trenholm.

4.     This action is brought in the Circuit Court of the County where the unlawful employment practices were committed.

5.     Plaintiff Millender is an employee of Defendant Trenholm and Defendant Trenholm is an employer within the definitions of Title VII of the 1964 Civil Rights Act, and the 1991 Amendments thereto.

## FACTS

6.     Plaintiff Millender was hired by Defendant Trenholm on or about August 1, 2000. She was initially hired as Case Management Specialist/Coordinator of Welfare to Work Program. Plaintiff Millender has a Bachelor's degree from Stillman College and a Master's Degree in Management from Faulkner University.

7.     In about 2003, Plaintiff Millender was moved to the position of Program Director of Welfare to Work Program and received a pay increase. On or about August, 2004 Plaintiff was moved to the position of Director of Automotive Work Force, Off-campus Instructional Sites. In a month of taking this new position she was given additional duties for a program called "Tech Prep". She has been given all the "Tech Prep" duties for the school and made Director of that program. In June of 2005, Plaintiff Millender was given additional duties of the WorkKeys Program. By August of 2005 Plaintiff Millender was the Director of three programs. As these additional duties were added she was not given additional monies.

8.     On or about October 27, 2005, Petitioner asked Defendant Molina for a pay raise. Petitioner is paid pursuant to a salary schedule. However, the salary schedule that she is placed on is a C-3 salary schedule. Unlike the other salary schedules in the school system, this salary schedule has one step that says that the President can pay an employee on this schedule anywhere between $0-

-2-

71,000. The salary schedule has no objective standards or criteria for how a person is to be placed on the salary schedule. The salary schedule allows the President to use his discretion on how to pay an individual. There are no objective standards or policies which dictate who is placed on a C-3 salary schedule and who is not placed on a C-3 salary schedule.

9.    At the meeting on or about October 27, 2005, Defendant Molina agreed to place Plaintiff on the C-2 salary schedule at step 5 which based upon her years of experience and education would have increased her annual pay by approximately $16,000. He expressed to her that she was doing an excellent job and appreciated what she did for the school. However this change was not effectuated and Plaintiff Millender did not receive her raise.

10.    On or about May 4, 2006, Defendant Molina approached Plaintiff Millender stating that he had heard about negative comments being made about him. At that time, Defendant Molina told Plaintiff Millender that he could not promote someone who had negative things to say about him. Later, Plaintiff Millender asked Defendant Molina if he thought she had made negative comments and she was told it was someone she was getting close to who had made negative comments about him. However, after this conversation Defendant Molina was much more negative toward Plaintiff Millender in his demeanor and conversations. Prior to this conversation Plaintiff Millender had only received praise from Defendant Molina about her work at the school. She had not been formally evaluated at that point.

11.    On or about June 27, 2006, Plaintiff Millender wrote Defendant Molina stating that she is being paid less than male counterparts who have similar or less experience and have similar or less duties. Plaintiff identified three male employees who were paid more than Plaintiff and who are similarly situated to plaintiff. She opposed an unlawful discriminatory practice in that letter and

-3-

outlined what she was doing at the school and again requested a salary increase and a promotion to the C-1 salary schedule.

12.     In a letter dated July 5, 2006, Defendant Molina responded to her letter stating that, in substance, that she could not be moved to the C-1 Salary Schedule due to economic problems of the school. In that letter, Defendant Molina stated that he would meet with Plaintiff to discuss other options or possibilities for her.  Other employees of the school, namely male supervisors, had received increased pay for additional duties around the time of her request.

13.     On July 25, 2006, a meeting was held between Defendant Molina, Joan Davis (attorney for the Department of Postsecondary Education and Vice Chancellor of the Department of Postsecondary Education), Wilford Holt (supervisor of Plaintiff Millender), Ann Sippial (AEA UniServe Director), Pam Rollins (Human Resources Director at Trenholm Tech), and Plaintiff.  At this meeting, Plaintiff Millender reiterated her request to be paid additional monies and to be properly compensated given her duties and experience and that she was not compensated the same as male counterparts who performed similar or less work with similar or less experience and credentials. Defendant Molina refused to provide additional monies for Plaintiff Millender and told Plaintiff Millender he would remove some of her duties.

14.     On August 9, 2006, Plaintiff filed an EEOC complaint regarding the discriminatory pay. Said complaint is attached hereto as Exhibit "A". Plaintiff received a Right to Sue letter after October 6, 2006.  Said letter is attached hereto as Exhibit "B".

15.     On August 16, 2006, Ann Sippial, on behalf of Plaintiff Millender, restated Plaintiff Millender's position that she should receive a salary increase and promotion to C-1 pay schedule and that Ms. Millender enjoys her job duties and responsibilities and only requests to be properly

-4-

compensated. The letter stated that Plaintiff Millender expected, as a result of the July 25, 2006

meeting, the school would get back with Plaintiff Millender and she was waiting on the school's

response to her request. On the same date of August 16, 2006, Defendant Molina wrote Ann Sippial

and stated that the college could not afford Millender's salary increase and that he would eliminate

some of her job duties. This elimination of duties took place officially September 25, 2006. Plaintiff

Millender considers this removal to be retaliatory for her opposing an unlawful employment practice

and to be a demotion.

16.    Upon information and belief, Defendants have a history of discriminating against

employees based upon their gender. Further, Defendants have a history of unlawful retaliation

against employees for engaging in protected speech and/or making EEOC complaints.

17.    No actions have been taken to properly correct the discriminatory actions of

Defendant Trenholm.

18.    The authority and responsibility for operation, management, control, supervision,

maintenance, regulation, and improvement Defendant Trenholm is vested by law with Defendant

Molina.

19.    Defendant Molina has the authority to hire, fire, promote and make work assignments

of employees of Defendant Trehnolm.

20.    Defendants made the decision to deny Plaintiff the promotion and pay increase as

well as take away her job title and job responsibilities. Defendants discriminated against Plaintiff

due to her gender and for voicing concerns about discrimination in the pay. Defendants have

discriminated in the pay of Plaintiff by paying her less than similarly situated males and by assigning

her additional duties without additional compensation unlike Defendants' treatment of similarly

situated males. Defendants have used a C-3 salary schedule (that has no objective standards or written policies for determining what amount of salary to pay or who should be placed on the schedule) to discriminate against Plaintiff based on her gender. Defendants refused to honor their agreement to place Plaintiff on C-2 salary schedule.

21.    Defendant Molina acted outside his jurisdiction and without authorization of law. Defendant Molina acted willfully, knowingly, and purposefully with a specific intent to deprive Plaintiff of her rights as herein alleged.

22.    Plaintiff's exercise of her rights to complain about discrimination and the illegal compensation practices of Defendant Trenholm and Defendant Molina was a significant motivating factor in Defendant' denial of her job promotion, increase in pay, removal of job titles and job responsibilities. In addition, Plaintiff's gender was a significant motivating factor in Defendants' decisions to deny her the job promotion, increases in pay for increased duties, to take away her job title, to not pay her per the agreement to place her on the C-2 salary schedule or to compensate her as similarly situated males are compensated.

23.    The unlawful denial of promotion, the taking away of her job title and duties, the refusal to increase her pay with increased duties, refusal to abide by the agreement reached with her to place her on a C-2 salary schedule, and the use of the C-3 salary schedule to discriminate against Plaintiff were the exercise of final policy making authority by Defendant Molina and these decisions were not subject to meaningful review under State law as well as relevant custom having the force of law.

24.    Defendants denied Plaintiff the promotion, denied her an increase in pay for the increase in job duties, and refused to abide by the agreement to place her on the C-2 salary schedule, did not compensate her as similarly situated males are compensated and did not increase her pay for increased duties as they did for similarly situated males, and used the C-3 salary schedule to discriminate unlawfully against the Plaintiff based upon her gender and for her opposing unlawful employment practices. All such actions were arbitrary and capricious actions by Defendant Molina in his position as President of Defendant Trenholm. Defendant Trenholm has ratified actions of Defendant Molina by not taking steps to stop and/or correct same.

25.    Defendants have acted outside their jurisdiction and without authorization of law. Defendants have acted willfully, knowingly, and purposely with a specific intent to deprive Plaintiff of her rights as alleged herein.

26.    Upon information and belief, Defendants have acted in concert with each other in these illegal employment decisions toward Plaintiff Millender in violation of 42 U.S.C. §1983 and §1985(3).

27.    In their actions toward Plaintiff as described above, Defendants acted willfully, intentionally and with callous and reckless indifference to Plaintiff's rights under the Fourteenth Amendment to the United States Constitution, the Equal Protection Clause, 42 U.S.C. §1983 and §1985(3), and the laws of the State of Alabama. As a result of Defendants' denial of the promotion to Plaintiff, increase in pay to Plaintiff, refusal to honor the agreement to place Plaintiff on the C-2 salary schedule, refusal to increase Plaintiff's pay for increased duties as Defendants have treated similarly situated males, not compensate Plaintiff as similarly situated males are compensated, and the use of the C-3 salary schedule to discriminate against Plaintiff based upon her gender and to retaliate against her, and the removal of her duties and responsibilities in causing her to be demoted

-7-

in retaliation of Plaintiff's exercise of her rights to complain about discrimination, Plaintiff has

suffered a loss of income, loss of job benefits, severe humiliation, mental distress and emotional

suffering.

## COUNT I -

## GENDER DISCRIMINATION AND RETALIATION - TITLE VII

28.     Plaintiff adopts and re-alleges each and every allegation contained in this

complaint as if set out anew herein.

29.     Plaintiff alleges that Defendant Trenholm is the employer of Plaintiff and Plaintiff

is an employee within the definitions of Title VII, 42 U.S.C. §2000e, et seq., as amended.

30.     Plaintiff has been intentionally discriminated against on the basis of her gender,

female, by Defendant Trenholm in violation of Title VII based upon the following:

    a.    Plaintiff has been denied promotion from the C-3 salary
schedule to either C-2 or C-1 salary schedule, as described
above;

    b.    Plaintiff has been denied an increase in pay for increased
duties while male employees have been given increased pay
for increased duties. These actions are in violation of Title
VII of the Civil Rights Act of 1964, as amended by the Civil
Rights Act of 1991;

    c.    Plaintiff has been paid less than male counterparts who have equal or
less experience and equal or less qualifications and have equal or less
job responsibilities and duties. These actions were in violation of
Title VII of the Civil Rights Act of 1964, as amended by the Civil
Rights Act of 1991;

    d.    Plaintiff has been denied promotion to C-2 salary schedule as agreed
upon by the Defendants. This refusal is based upon her gender and
in violation of the Civil Rights Acts of 1964, as amended by the Civil
Rights Act of 1991;

    e.    Defendant Trenholm has used the C-3 salary schedule, which has no
objective standards or written policies for where an individual is to be

-8-

placed or paid on it, or any objective standard or written policy about who is to be placed on the C-3 schedule versus C-1 or C-2 schedule. The lack of objective standards, written policies, and the broad range of the salary schedule and its allowance of the arbitrary and capricious discretion of the President to place persons on the schedule and to pay them whatever amount of money he wishes to pay facilitates, led to, or allows Defendants to discriminate based upon gender, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991;

f.   The removal of Plaintiff's title and duties and responsibilities discriminates against Plaintiff in violation of Title VII of the Civil Rights Act, 1964 as amended by the Civil Rights Act of 1991 and treated her differently than similarly situated males.;

g.   Defendant Trenholm has a history of discriminating against female employees of violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

31.   In taking the above described actions, Defendant Trenholm intentionally discriminated against Plaintiff on the basis of her sex. Males were not treated in a similar fashion. The actions of Defendant Trenholm were taken with malice and reckless indifference to the federally protected rights of Plaintiff.

32.   Defendant Trenholm unlawfully and intentionally retaliated against Plaintiff by denying her increase pay for her increased duties, by denying her promotion, by denying her compensation as similarly situated employees and by demoting her and/or removing her duties – all because she filed an EEOC complaint and/or opposed discriminatory practice by Defendant Trenholm in her letter of June 27, 2006 and meeting on July 25, 2006 in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991. As a result of this retaliation, Plaintiff suffered as a proximate cause economic loss, lost wages, mental anguish and other compensatory damages. Defendant Trenholm has a pattern practice of retaliation against females

and/or those who complain against and oppose discriminatory practices of Defendant and file EEOC complaints.

33.    As a proximate result of Defendants' conduct, Plaintiff has suffered, and will continue to suffer, lost back pay and benefits, mental anguish, emotional distress and other damages.

34.    Plaintiff has satisfied all administrative prerequisites to bring in this claim. Plaintiff has timely filed a charge with the Equal Employment Opportunity Commission against Defendants, and has received a statutory Right to Sue letter which is attached hereto as Exhibit "A" and "B".

35.    Plaintiff has exhausted her administrative remedies and satisfied all jurisdictional requirements before filing suit under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991. This complaint is filed within 90 days of receipt of the notification of the right to sue letter on her EEOC charge. Said right to sue letter was mailed on October 6, 2006, and received thereafter.

WHEREFORE, THE PREMISES CONSIDERED, Plaintiff respectfully requests this Court to grant the following relief:

(A)    Grant Plaintiff declaratory judgment that practices complained of herein are violative of the rights secured to Plaintiff by Title VII of the Civil Rights Act of 1964 and the 1991 amendments thereto.

(B)    Grant Plaintiff an order in joining Defendant Trenholm and all persons acting in concert with Defendant from engaging in discriminatory and retaliatory employment practices on the basis of gender.

(C)    Grant Plaintiff the placement, position and the pay she should have received absent

-10-

Defendants' discriminatory treatment.

(D)    Grant Plaintiff the appropriate amount of back pay, damages, a pay raise with back pay in the amount that she would have earned but for the unlawful discriminatory and retaliatory practices of Defendant, and reinstatement, and/or in the alternative, front pay.

(E)    Grant Plaintiff an award of compensatory damages, including but not limited to, mental anguish and emotional distress.

(F)    Award Plaintiff her costs and expenses including what are reasonably attorney's fees.

(G)    Award any other such legal and equitable relief that may be appropriate.

## COUNT II -

## VIOLATION OF EQUAL PAY ACT

36.    Plaintiff adopts and re-alleges each and every allegation contained in this complaint as if set out anew herein.

37.    Defendant Trenholm is an employer and Plaintiff is an employee within the meaning of the Equal Pay Act. During the period of time that Plaintiff has been an employee of Defendant Trenholm, Plaintiff has performed the same duties as male employees, particularly the male supervisors, Mike Miller, Michael Evans, Quinton Ross and Charles Harris; however, she has been paid less wages, and has been placed and maintained on a lower pay schedule, for equal work which she has performed, requiring equal skills, equal effort, and equal responsibility. Such practices violate the Equal Pay Act, 29 U.S.C. §206(d). Further, Defendant Trenholm has retaliated against Plaintiff by refusing to increase her pay to that of males doing equal work with equal skill, equal effort, and equal responsibility, refused to increase her pay for additional responsibilities she has undertaken as has been done for male employees, and by demoting her and removing job duties in

violation of the Equal Pay Act, 29 U.S.C. §206(d).

WHEREFORE, THE PREMISES CONSIDERED, Plaintiff respectfully requests this Court to provide the following relief:

(A)　　To award against Defendant Trenholm a declaratory judgment finding the policies and actions of Defendant violated the Equal Pay Act and enter a mandatory and permanent injunction to remedy such violation with the award of pay, back pay (plus interest), seniority and benefits to which the Plaintiff would have been entitled had such violation not occurred.

(B)　　To enter an order for compensatory damages in the amount to be determined by the trier of fact including back pay and emotional distress for violations of the Equal Pay Act by Defendant Trenholm.

(C)　　Enter an award of attorney's fees, expenses and costs against Defendant Trenholm and in favor of Plaintiff.

(D)　　Award such other relief as the Court deems proper and just under the circumstances.

## COUNT III -

## CONSTITUTIONAL VIOLATIONS AND 42 U.S.C. §1983

38.　　Plaintiff adopts and re-alleges each and every allegation contained in this complaint as if set out a new herein.

39.　　This action is brought against Defendant Molina in his official capacity and against Defendant Trenholm.

40.　　Defendant Molina is the official and final policy maker for Trenholm and is responsible for the day-to-day operation of the institution. Defendant Molina is the final decision maker of Defendant Trenholm. Defendant Molina's actions are official custom and/or policy of

-12-

Defendant Trenholm. Defendant Molina's actions are not subject to meaningful review. The actions of Defendant Molina were wrongful and unconstitutional and in excess of his jurisdiction, made without authorization of law and/or willfully, in bad faith, knowingly, and purposely with specific intent to deprive Plaintiff of her rights herein. A result of reasons of the actions described in this complaint Plaintiff has suffered irreparable injury, hardship and harm by Defendants Molina and Trenholm.

41.    Under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, Plaintiff had a right to be free from gender discrimination in her employment with Defendant. Defendant Molina, in his official capacity, and Defendant Trehnolm, under color of state law in violation of 42 U.S.C. §1983, purposely deprived Plaintiff of clearly established federal and constitutional rights by subjecting to her to intentional and unlawful discriminatory employment practices based upon her sex as described above and retaliatory practices based upon her EEOC complaint and opposing unlawful discriminatory practices of the school. Those practices included refusal to compensate her for the work as similarly situated males are compensated, refusal to increase her pay for increased duties as had been done for similarly situated males, refusal to promote her, refusal to honor the agreement of the C-2 salary schedule, use of a C-3 salary schedule as a means for discriminatory conduct based upon gender and the removal of her title and her duties for objecting to discriminatory treatment and for opposing unlawful employment practices. As a result of this discrimination and retaliation, Plaintiff has suffered damages and lost wages, mental anguish and lost benefits.

42.    Under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, Plaintiff had a right to be free from arbitrary and capricious actions and decisions

of Defendants. Defendant Molina, in his official capacity and Defendant Trenholm, under color of State law, in violation of 42 U.S.C. §1983 purposely deprived Plaintiff of clearly establishing Federal statutory and constitutional rights by arbitrary and capriciously refusing to pay her additional monies for additional duties assigned, to discriminatory treat her as a class of one and refuse to pay her as other similarly situated administrators, to arbitrarily and capriciously use an alleged salary schedule called C-3 salary schedule which has one cell $0-71,000 and allows persons to be placed on it and at certain levels without any objective standard or written policies or rational basis. As a result of these actions Plaintiff has suffered damages, lost wages, mental anguish and lost benefits.

43.    Under the First Amendment and the Fourteenth Amendment of the United States Constitution, Plaintiff had a right to be free from retaliation for being associated with individuals who Defendants believed criticized Defendant Molina. Further, Plaintiff had a right under said provisions of the Constitution to not be retaliated against for exercising protected speech. Defendants retaliated against Plaintiff by demoting Plaintiff and reducing her duties, refusing her increase in pay that was appropriately due and for refusing to promote Plaintiff based upon retaliation for association with an individual who criticized Defendant Molina and for objecting and opposing to unlawful discrimination practices by Defendant Molina and Defendant Trenholm. And filing an EEOC complaint. Defendant Molina, in his official capacity, and Defendant Trenholm under color of State law and in violation of 42 U.S.C. §1983 purposely deprived Plaintiff of the clearly established federal statutory and the Constitutional Rights as described above. As a proximate cause of the wrongful acts of Defendants, Plaintiff avers that she has suffered economic losses, lost wages, lost benefits, income, mental anguish and other compensatory damages.

-14-

WHEREFORE, THE PREMISES CONSIDERED, Plaintiff respectfully requests this Honorable Court to provide the following relief:

(A)    To issue a Declaratory Judgment declaring the actions of all Defendants in failing to promote Plaintiff, failing to increase Plaintiff's pay, failing to honor the agreement placed on a C-2 salary schedule, failure to compensate her an amount as similarly situated males, discriminatory use of the C-3 salary schedule, and/or the removal her title and job responsibilities as alleged herein violated Plaintiff's rights under the First and Fourteenth Amendments of the United States Constitution and 42 U.S.C. §1983.

(B)    Issue declaratory judgment declaring the employment practices of Defendants as set out in this complaint unconstitutional.

(C)    Enter mandatory and permanent injunction requiring Defendants to promote or increase the pay of Plaintiff with all back pay, allowances, seniority, tenure, retirement benefits, to which Plaintiff would have been promoted or received absent the unconstitutional actions described above of the Defendants.

(D)    Enter a mandatory and permanent injunction conjoining Defendants, their successors in office, their agents, their servants, and their employees from discriminating or retaliating against Plaintiff in violation of the First and Fourteenth Amendment of the United States Constitution and 42 U.S.C. §1983.

(E)    Enter an order requiring Defendants to make Plaintiff whole by granting appropriate declaratory and injunctive relief, awarding back pay, awarding mental anguish damages, economic compensatory damage to be determined by the trier of fact, award attorney's fees, expenses and costs.

-15-

(F)    Grant such additional and further relief as the Court deems proper and just in the circumstances.

## COUNT IV -

## BREACH OF CONTRACT/MANDAMUS

44.    Plaintiff adopts and re-alleges each and every allegation contained in this complaint as if set out a new herein.

45.    Defendants agree to move Plaintiff from the C-3 salary schedule to the C-2 salary schedule and to an appropriate level of her experience at that salary schedule. Defendants breached that agreement and failed to refuse to move Plaintiff to that position. Plaintiff has relied upon to her detriment the promises and agreement of the Defendants. Defendants have arbitrarily and capriciously breached this agreement by refusing to move her from the C-2 salary schedule.

46.    Plaintiff requests declaratory and injunctive relief as well as mandamus to order Defendants to, first, find that there was a valid lawful agreement between Plaintiff and Defendants for Plaintiff to be placed on a C-2 salary schedule; second, to find that Plaintiff is entitled to be placed upon the C-2 salary schedule; and third, based upon those findings, enter injunctive relief and mandamus to order Plaintiff to be placed on the appropriate C-2 salary schedule as per the agreement. Further, Plaintiff requests that she be awarded back pay and other compensatory amounts.

WHEREFORE, THE PREMISES CONSIDERED, Plaintiff requests this Court to enter a writ of mandamus and injunctive and declaratory relief described above and enter the findings and award the relief described above. Further Plaintiff requests award of costs for the prosecution of this action and other appropriate relief as the Court deems fit.

RESPECTFULLY SUBMITTED this the 4th day of January, 2007.

WILLIAM F. PATTY (PAT038)
**Attorney for Carolyn Millender**

**OF COUNSEL:**

BEERS, ANDERSON, JACKSON,
PATTY, VAN HEEST & FAWAL, P.C.
P. O. Box 1988
Montgomery, AL 36102
(334)834-5311 (phone)
(334)834-5362 (fax)

**PLAINTIFF/PETITIONER MILLENDER HEREBY DEMANDS A TRIAL BY JURY FOR ALL ISSUES TRIABLE BY A JURY.**

OF COUNSEL

**DEFENDANTS MAY BE SERVED VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED AS FOLLOWS:**

H. Councill Trenholm State Technical College
1225 Air Base Boulevard
Montgomery, AL 36108

Dr. Anthony L. Molina, President
1225 Air Base Boulevard
Montgomery, AL 36108

-17-

## VERIFIED COMPLAINT

STATE OF ALABAMA          )
COUNTY OF MONTGOMERY      )

Before me, the undersigned authority, personally appeared **CAROLYN MILLENDER**, who being by me first duly sworn and who being known to me deposes and says that the facts set out in the foregoing Complaint/Writ of Mandamus are true and correct to the best of her knowledge, information and belief.

_____
CAROLYN MILLENDER

Sworn to and subscribed before me this 4th day of January, 2007.

_____
NOTARY PUBLIC
My Commission Expires: 7/27/09

-18-

*1*

## CHARGE OF DISCRIMINATION

...is form is affected by the Privacy Act of 1974; See Privacy Act Statement
before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA | |
| ☐ EEOC | |

_____ and EEOC

State or local Agency, if any

NAME (Indicate Mr., Ms., Mrs.)
**Ms. Carolyn Millender**

HOME TELEPHONE (Include Area Code)
**(334) 281-2108**

STREET ADDRESS    CITY, STATE AND ZIP CODE
**3552 Dee Drive Montgomery, AL 36116**

DATE OF BIRTH
**05/03/70**

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT
AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.) (See Attached Sheet)

NAME **H. Councill Trenholm**    NUMBER OF EMPLOYEES, MEMBERS
**State Technical College** | **200 +**

TELEPHONE (Include Area Code)
**(334) 420-4200**

STREET ADDRESS    CITY, STATE AND ZIP CODE
**1225 Air Base Blvd. Montgomery, AL 36108**

COUNTY
**Montgomery**

NAME (Indicate Mr., Ms., Mrs.)
**Dr. Anthony L. Molina, President**

HOME TELEPHONE (Include Area Code)
**(334) 420-4216 office**

STREET ADDRESS    CITY, STATE AND ZIP CODE
**1225 Air Base Blvd. Montgomery, AL 36108**

COUNTY
**Montgomery**

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box (es))

☐ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☐ AGE

☐ RETALIATION   ☐ NATIONAL ORIGIN   ☐ DISABILITY   ☒ OTHER (Specify) **Equal Pay Act**

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA) LATEST (ALL)

**July 31, 2006**

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s):

**(See Attachment.)**

**RECEIVED**
**EEOC**

**AUG 0 9 2006**

**BIRMINGHAM DISTRICT OFFICE**

I want this charge filed with both the EEOC and the State or Local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.
I declare under penalty of perjury that the foregoing is true and correct.

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

Date **August 7, 2006**   Charging Party (Signature) **Carolyn Millender**

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE

EXHIBIT
**"A"**

PENGAD 800-631-6989

CHARGE OF DISCRIMINAT   N                          CHARGE NUMBF

**THE PARTICULARS ARE:**

I have been employed with H. Councill Trenholm State Technical College since August 2000. In October 2004, I served in the position of Director of Automotive Workforce Development, Off-Campus Instructional Site, and Tech Prep and was paid pursuant to the school's C-3 salary pay schedule. At this time there were several males in the position of Director and was responsible for one (1) program and was paid pursuant to the C salary pay schedule at a higher salary. Some of those males were: Michael Evans, Retention Advisor; Mike Miller, Coordinator of Training for Business and Industry; and Quinton Ross, Director of Adult Education. President Molina has the sole discretion of where to place individuals on the school's C salary schedule.

In June 2005, I was given the additional duties and responsibilities of WorkKeys Test Administrator/Job Profiler. For the 2005-2006 school year, I was responsible and in charge of these three (3) programs. However, I continued to be paid at the lowest step of the C salary schedule while male Directors who are only responsible for single programs were paid at higher steps/salaries. Upon information and belief, I am paid at a rate less than male comparators who perform lesser or equal duties and responsibilities than I do because of my sex/gender (female). But for my gender/sex, I would be placed at higher steps on the C salary schedule.

Since Dr. Molina's appointment as President of Trenholm State Technical College, he has never placed a female on the C salary schedule above Step 3. Steps 1 and 2 are reserved solely for male professionals.

**Date:**                              **Charging Party (Signature):**

August 7, 2006                         Carolyn Millender

2.

RECEIVED
EEOC

AUG 0 9 2006

BIRMINGHAM DISTRICT OFFICE

The following are additional individuals/agencies that also discriminate against me:

1.  The **Alabama Department of Postsecondary Education** ("Department of Postsecondary Education") which provides leadership, direction and supervision for the member institutions of The Alabama College System such as H. Councill Trenholm State Technical College.

2.  The **Alabama State Board of Education** ("State Board") which is responsible for overseeing and directing the Department of Postsecondary Education. Moreover, the State Board of Education is charged with appointing the Chancellor.

3.  **The Chancellor** for the Alabama Department of Postsecondary Education. The Chancellor is charged with assisting the State Board in carrying out its authority with respect to the management and operation of the community, junior, and technical colleges within the Department of Postsecondary Education.

RECEIVED
EEOC

AUG 0 9 2006

BIRMINGHAM DISTRICT OFFICE

EEOC Form 161 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: Carolyn Millender<br>3552 Dee Drive<br>Montgomery, AL 36116 | From: Birmingham District Office - 420<br>Ridge Park Place<br>1130 22nd Street, South<br>Birmingham, AL 35205 |
|---|---|

| ☐ | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420-2006-04336 | Sheri G. Guenster,<br>Investigator | (205) 212-2059 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
#### (See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Bernice Williams-Kimbrough,
District Director

16 OCT 2006

(Date Mailed)

Enclosures(s)

cc: Dr. Anthony Morina
President
H. COUNCIL TRENHOLM STATE TECHNICAL COLLEGE
1225 Air Base Blvd.
Montgomery, AL 36108

EXHIBIT
"B"

PENGAD 800-631-6989