UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
THE NORTHERN DIVISION

| | |
|---|---|
| CAROLYN MILLENDER | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| VS. | ) CASE NO.: 2:07-cv-145-MHT |
| | ) |
| H. COUNCILL TRENHOLM | ) |
| STATE TECHNICAL COLLEGE; | ) |
| ANTHONY MOLINA, in his | ) |
| official capacity as President of | ) |
| H. Councill Trenholm State College | ) |
| | ) |
|     Defendants. | ) |

**ANSWER OF DEFENDANTS**

COME NOW the Defendants, H Councill Trenholm State Technical College (hereinafter also referred to as Trenholm) and Anthony Molina in his official capacity as President of H. Councill Trenholm State College (hereinafter also referred to as Dr. Molina), in the above-styled cause and, through undersigned counsel, respond to the respective numbered paragraphs to the Plaintiff's Complaint as follows:

**FIRST DEFENSE**

The paragraphs below correspond to the paragraphs of the Complaint. Unless specifically admitted herein, all allegations set forth by the Plaintiff are denied.

## BACKGROUND AND PARTIES

1.      Admitted as to the assertion that Plaintiff Millender is a female adult; Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 1 of the Complaint and demand strict proof thereof.

2.      Admitted as to the allegation that Trenholm State Technical College is a two-year public college doing business in Montgomery County, Alabama where its campus and main offices are located; Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 2 and demand strict proof thereof.

3.      Admitted to the extent that the Plaintiff is attempting to name Dr. Molina as a Defendant in his official capacity as President of Trenholm; Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 3 and demand strict proof thereof.

4.      Defendants deny the allegations asserted therein and demand strict proof thereof.

5.      Admitted to the extent that Plaintiff Millender is employed by Trenholm; Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 5 and demand strict proof thereof.

## FACTS

6.      Admitted as to Plaintiff Millender's approximate hire date of on or about August 1, 2000; Defendants lack sufficient information to

admit or deny the remaining allegations asserted in paragraph 6 and demand strict proof thereof.

7.    Defendants do not have sufficient information to admit or deny the allegations as asserted in paragraph 7 and demand strict proof thereof.

8.    Defendants do not have sufficient information to admit or deny the allegations as asserted in paragraph 8 relating to Petitioner's pay and salary schedule and demand strict proof thereof; these Defendants deny the remaining allegations in paragraph 8 and demand strict proof thereof;

9.    Defendants do not have sufficient information to admit or deny Plaintiff's allegations regarding factors she claims would have increased her annual pay to an approximate amount and demand strict proof thereof; Defendants deny the remaining allegations in paragraph 9 and demand strict proof thereof.

10.    Defendants deny the allegations raised in paragraph 10 and demand strict proof thereof.

11.    Admitted as to Plaintiff's request for a salary increase and promotion; all remaining allegations in paragraph 11 are denied, and the Defendants demand strict proof thereof.

12.    Admitted as to Dr. Molina's July 5, 2006 letter acknowledging in essence economic problems at the school; also admitted as to the willingness to discuss the possibility of other options;

Defendants deny the other allegations asserted therein, including the allegation that other employees of the school as alleged had received increased pay for additional duties around the time of Plaintiff's request, and demand strict proof thereof

13.    Admitted as to the Plaintiff's July 25, 2006 request for more money in the presence of the referenced individuals; Defendants deny the remaining allegations in paragraph 13 and demand strict proof thereof.

14.    Defendants are without sufficient information to admit or deny the allegations in paragraph 14 and demand strict proof thereof.

15.    Defendants are without sufficient information to admit or deny the allegations in paragraph 15 of the Complaint and demand strict proof thereof.

16.    Defendants deny the allegations asserted in paragraph 16 and demand strict proof thereof.

17.    Defendants deny the allegations asserted in paragraph 17 regarding alleged discriminatory actions and demand strict proof thereof.

18.    Defendants are without sufficient information to admit or deny allegations relating to the operations of Trenholm and demand strict proof thereof; the remaining allegations in paragraph 18 are denied, and the Defendants demand strict proof thereof.

19.    Defendants are without sufficient information to admit or deny the allegations raised in paragraph 19 and demand strict proof thereof.

20.    Defendants are without sufficient information to admit or deny the allegations regarding pay, job title and responsibilities and demand strict proof thereof; as to the remaining allegations in paragraph 20, Defendants deny the same and demand strict proof thereof.

21.    Defendants deny the allegations asserted in paragraph 21 and demand strict proof thereof.

22.    Defendants deny the allegations asserted in paragraph 22 and demand strict proof thereof.

23.    Defendants deny the allegations asserted in paragraph 23 and demand strict proof thereof.

24.    Defendants deny the allegations asserted in paragraph 24 and demand strict proof thereof.

25.    Defendants deny the allegations asserted in paragraph 25 and demand strict proof.

26.    Defendants deny the allegations asserted in paragraph 26 and demand strict proof thereof.

27.    Defendants deny the allegations asserted in paragraph 27 and demand strict proof thereof.

## COUNT I

28.    Defendants reassert and incorporate by reference their responses to paragraphs one through 27 as if fully set forth herein.

29.    Defendants admit that the Plaintiff is an employee at Trenholm; Defendants are without sufficient information to admit or deny the remaining allegations in this paragraph.

30.    Defendants deny all allegations contained in paragraph 30 of the Complaint, including all allegations in subparagraphs 30.a through 30.g, and Defendants specifically deny that Plaintiff is entitled to any of the relief requested therein.

31.    Defendants deny the allegations asserted in paragraph 31 and demand strict proof thereof.

32.    Defendants deny the allegations asserted in paragraph 32 and demand strict proof thereof.

33.    Defendants deny the allegations asserted in paragraph 33 and demand strict proof thereof.

34.    Defendants deny that the Plaintiff has satisfied all administrative prerequisites to bring this claim as alleged in paragraph 34 and demand strict proof thereof; Defendants are without sufficient information to admit or deny the remaining allegations set forth therein and demand strict proof thereof.

35.    Defendants deny that Plaintiff exhausted her administrative remedies and satisfied all jurisdictional requirements as alleged in paragraph 35 and demand strict proof thereof; Defendants further deny all allegations contained in subparagraphs 35.(A) through 35.(G) and Defendants specifically deny that Plaintiff is entitled to any of the relief

requested therein; with regard to the remaining allegations set forth in paragraph 35, these Defendants are without sufficient information to admit or deny the same and demand strict proof thereof.

## COUNT II

36.    Defendants reassert and incorporate by reference their responses to paragraphs one through 35 as if fully set forth herein.

37.    Defendants are without sufficient information to admit or deny the allegations contained in paragraph 37 regarding the referenced parties' status within the meaning of the Equal Pay Act and demand strict proof thereof; Defendants deny all remaining allegations contained in paragraph 37 of the Complaint, including all allegations in subparagraphs 37.(A) through 37.(D), and Defendants specifically deny that the Plaintiff is entitled to any of the relief requested therein

## COUNT III

38.    Defendants reassert and incorporate by reference their responses to paragraphs one through 37 as if fully set forth herein.

39.    Admitted as to the allegation regarding the Plaintiff's attempt to bring this action against Dr. Molina in his official capacity; Defendants lack sufficient information to admit or deny the remaining allegation of paragraph 39 and demand strict proof thereof.

40.    Admitted as to the allegation regarding the day-to-day operation of the institution; Defendants deny the remaining allegations asserted in paragraph 40 and demand strict proof thereof.

41.    Defendants are without sufficient information to admit or deny the allegation asserted regarding the Plaintiff's right under the Equal Protection Clause of the Fourteenth Amendment of the United States and demand strict proof thereof; all remaining allegations are denied, and the Defendants demand strict proof thereof.

42.    Defendants are without sufficient information to admit or deny the allegation asserted regarding the Plaintiff's right under the Equal Protection Clause of the Fourteenth Amendment to the United States and demand strict proof thereof; all remaining allegations asserted therein are denied, and the Defendants demand strict proof thereof.

43.    Defendants are without sufficient information to admit or deny the allegations asserted regarding the Plaintiff's right under the First Amendment and the Fourteenth Amendment of the United States and demand strict proof thereof; Defendants deny all remaining allegations contained in paragraph 43 of the Complaint, including all allegations in subparagraphs 43.(A) through 43.(F) and Defendants specifically deny that the Plaintiff is entitled to any of the relief requested therein.

## COUNT IV

44.    Defendants reassert and incorporate by reference their responses to paragraphs one through 43 as if fully set forth herein.

45.    Defendants deny the allegations asserted in paragraph 45 and demand strict proof thereof.

46.    Defendants deny the allegations contained in paragraph 46 of the Complaint, and Defendants specifically deny that Plaintiff is entitled to any of the relief requested therein.

## SECOND DEFENSE

The Complaint and facts alleged therein by the Plaintiff are insufficient to rise to the level of any constitutional violation.

## THIRD DEFENSE

Defendants deny that Dr. Molina violated the Plaintiff's constitutional rights in his official capacity or otherwise.

## FOURTH DEFENSE

Dr. Molina asserts that he is entitled to absolute and qualified immunity in regard to the Plaintiff's constitutional claims.

## FIFTH DEFENSE

Defendants Trenholm and Dr. Molina are absolutely immune from suit for monetary damages or equitable relief under the Eleventh Amendment to the Constitution.

## SIXTH DEFENSE

Defendants Trenholm and Dr. Molina are immune from liability in regard to the Plaintiff's Complaint based on state-agent immunity or discretionary function immunity.

## SEVENTH DEFENSE

Defendants Trenholm and Dr. Molina deny that the Plaintiff is entitled to damages or any other relief requested.

## EIGHTH DEFENSE

Defendants Trenholm and Dr. Molina are not guilty of the things and matters alleged in the Complaint.

## NINTH DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## TENTH DEFENSE

Defendants Trenholm and Dr. Molina have qualified immunity from the Plaintiff's §1983 claims in this action.

## ELEVENTH DEFENSE

Any employment actions taken by the Defendants Trenholm and Dr. Molina with respect to the Plaintiff were based on legitimate, non-discriminatory factors.

## TWELFTH DEFENSE

Even if some impermissible motive was a factor in any employment decisions(s) concerning the Plaintiff, a claim which the Defendants Trenholm and Dr. Molina expressly deny, the same decision(s) would have been reached regardless of the impermissible motive.

## THIRTEENTH DEFENSE

Some or all the Plaintiff's claims are barred to the extent that the Plaintiff failed to comply with any administrative prerequisites to filing suit or has failed to exhaust any administrative remedies.

## FOURTEENTH DEFENSE

Some or all the Plaintiff's claims are barred to the extent they exceed the scope of her EEOC charge.

## FIFTEENTH DEFENSE

The Plaintiff's claims are barred to the extent they are untimely.

## SIXTEENTH DEFENSE

The Plaintiff's claims are barred by the applicable statute of limitations and/or laches.

## SEVENTEENTH DEFENSE

The Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, judicial estoppel, collateral estoppel, res judicata, and /or ratification.

## EIGHTEENTH DEFENSE

The Plaintiff failed to mitigate her damages, if any.

## NINETEENTH DEFENSE

Defendants Trenholm and Dr. Molina plead after acquired evidence as a defense to Plaintiff's claims, damages, and relief sought.

## TWENTIETH DEFENSE

Any request by the Plaintiff for equitable relief is barred by her "unclean hands."

## TWENTY FIRST  DEFENSE

Any award of punitive damages in this case against the Defendants Trenholm and Dr. Molina would violate their constitutional rights under the United States and Alabama  Constitution.

## TWENTY SECOND DEFENSE

The Plaintiff is not entitled to punitive damages because Defendants Trenholm and Dr. Molina did not commit any discriminatory practices or actions and did not engage in any conduct with malice or reckless indifference to the Plaintiff's federally protected rights.

## TWENTY THIRD DEFENSE

To the extent that the Plaintiff makes claims for compensatory and punitive damages in this action, any award of such damages is limited by the statutory caps set forth in 42 U.S.C. § 1981a.

## TWENTY FOURTH DEFENSE

Defendants are not liable for punitive damages because the employee or employees who committed the allegedly discriminatory acts were not acting in a managerial capacity.

## TWENTY FIFTH DEFENSE

No constitutional right of the Plaintiff has been violated.

## TWENTY SIXTH DEFENSE

Defendants assert the intra-corporate conspiracy doctrine as a complete defense to any allegations of conspiracy, if any.

## TWENTY SEVENTH DEFENSE

Defendants plead the general issue.

## TWENTY EIGHTH  DEFENSE

Defendants  assert  the Statute of Frauds as a bar to any relief from any  of the Plaintiff's state law claims.

## TWENTY NINETH DEFENSE

Defendants assert that any alleged wage differential, if any, is based on something other than gender.

## THIRTIETH DEFENSE

The Complaint and facts alleged therein by the Plaintiff are insufficient to rise to the level of any violation under the Equal Pay Act or Title VII.

## THIRTY FIRST  DEFENSE

Dr. Molina asserts absolute immunity under the Eleventh Amendment and under the Sovereign Immunity provision of the Alabama Constitution to any of the Plaintiff's state law claims for relief of any kind.

## THIRTY SECOND DEFENSE

Trenholm is entitled to immunity from any alleged state law claims for mandamus, injunctive relief or any other relief under the Sovereign Immunity provision of the Alabama Constitution.

## THIRY THIRD DEFENSE

The State law claim fails due to lack of consideration.

## THIRTY FOURTH DEFENSE

The retaliation claim fails because there was no statutorily protected activity and no underlying discrimination to support said claim.

Defendants reserve the right to amend their Answer.

Respectfully submitted on this 27th day of February, 2007.

          /s/  MARY GOLDTHWAITE
Assistant Attorney General
Counsel for the Defendants

OF COUNSEL:

OFFICE OF THE ATTORNEY GENERAL
11 South Union Street
Montgomery, AL 36130
(334) 353-9189
(334) 242-2433 (fax)

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have, this 27th day of February, 2007, served a copy of the Answer on the following counsel, electronically and by placing the same in the United States mail, postage prepaid, and properly addressed as follows:

William F. Patty, Esq.
Beers, Anderson, Jackson, Patty, Van Heest & Fawal, PC
P.O. Box 1988
Montgomery, Al 36102

　　　　　　　　　　　　　　/s/  MARY GOLDTHWAITE
　　　　　　　　　　　　　　OF COUNSEL

15