**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **CAROLYN MILLENDER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) **Civil Action No.: 2:07-cv-145-MHT** |
| | ) |
| **H. COUNCILL TRENHOLM STATE** | ) |
| **TECHNICAL COLLEGE, and ANTHONY** | ) |
| **MOLINA, in his official capacity as President** | ) |
| **of H. Councill Trenholm State College,** | ) |
| | ) |
| **Defendants.** | ) |

<u>**MOTION TO FILE AMENDED COMPLAINT**</u>

COMES NOW the plaintiff, Carolyn Millender, by and through her counsel of record, pursuant to the Federal Rule of Civil Procedure 15(a), and respectfully moves this Honorable Court for leave to amend to her Complaint. As grounds for this motion, plaintiff shows as follows:

1.      Plaintiff has attached her proposed Amended Complaint as Exhibit "A" to this Motion.

2.      Plaintiff seeks to amend her Complaint to add the proper Notice of Right to Sue from the U.S. Department of Justice, Civil Rights Division, and to recognize the death of defendant Anthony Molina, to add retaliation claims and to correct typographical errors contained in her original Complaint.

3.      Pursuant to this Court's March 20, 2007, Uniform Scheduling Order, the plaintiff has been given until June 12, 2007, for leave to join additional parties or to amend the pleadings. This Motion is being made within this time frame.

4.    Defendant will not be prejudiced by allowing plaintiff to amend her Complaint since discovery is just beginning in this matter and judicial economy is better served by allowing plaintiff's related claims to be brought in one action.

5.    According to Fed. R. Civ. P. 15(a), "leave [to amend] shall be freely given when justice so requires."

WHEREFORE PREMISES CONSIDERED, plaintiff moves this Honorable Court for leave to allow her to file her Amended Complaint as evidence in attached Exhibit "A".

/s/ William F. Patty
William F. Patty
Attorney for Plaintiff

**OF COUNSEL**
Beers, Anderson, Jackson, Patty
 & VanHeest, P.C.
P. O. Box 1988
250 Commerce Street
Suite 100
Montgomery, AL 36102-1988
Telephone: (334) 834-5311
Facsimile: (334) 834-5362
Email: Bpatty@beersanderson.com

/s/ Candis A. McGowan
Candis A. McGowan
Attorney for Plaintiff

**OF COUNSEL**
Wiggins, Childs, Quinn & Pantazis, L.L.C.
The Kress Building
301 - 19th Street North
Birmingham, AL 35203
Telephone: (205) 314-0513
Facsimile: (205) 314-0713
Email: cmcgowan@wcqp.com

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that I have electronically filed the above Motion to Amend Complaint with the Clerk of Court using CM/ECF system which will send notification of such filing to the following:

TO:

Mary Goldthwaite
Office of Attorney General
11 South Union Street
Montgomery, AL 36103


       On this the 12th day of June 2007.


                          /s/ Candis A. McGowan           

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **CAROLYN MILLENDER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) **Civil Action No.: 2:07-cv-145-MHT** |
| | ) |
| **H. COUNCILL TRENHOLM STATE** | ) **DEMAND FOR JURY TRIAL** |
| **TECHNICAL COLLEGE, and ANTHONY** | ) |
| **MOLINA, in his official capacity as President** | ) |
| **of H. Councill Trenholm State College,** | ) |
| | ) |
| **Defendants.** | ) |

**AMENDED COMPLAINT**

COMES NOW, the Plaintiff/Petitioner, Carolyn Millender (hereinafter "Plaintiff Millender"),

by and through counsel, and files this amended complaint and petition:

**BACKGROUND AND PARTIES**

1.     Plaintiff Millender is a female adult resident of Montgomery County, Alabama.

2.     Defendant/Respondent H. Councill Trehnolm State Technical College (hereinafter

"Defendant Trenholm") is an entity doing business in Montgomery County, Alabama and is an

employer within the meaning of Title VII of the 1964 Civil Rights Act and the 1991 Amendment

thereto.   Trenholm's campus and main offices are located in Montgomery County, Alabama.

Trenholm is a two-year public college in the Postsecondary College System.

3.     Defendant/Respondent Anthony Molina (hereinafter referred to as "Defendant

Molina") is sued in his official capacity as President of Trenholm.[1]   Defendant Molina, as the

---

[1]In or about April 2007, Anthony Molina passed away.  Since Defendant Molina was sued
in his official capacity as President of Defendant Trenholm, Plaintiff will need to substitute the
individual who will be replacing him as President.  Upon information and belief, Samuel
Munnerlyn is currently serving as the Acting President of Defendant Trenholm.  Plaintiff expects

President of Trenholm, is the individual responsible for the daily operation of Defendant Trenholm.

4.      This action is brought within the State where the unlawful employment practices were committed.

5.      Plaintiff Millender is an employee of Defendant Trenholm and Defendant Trenholm is an employer within the definitions of Title VII of the 1964 Civil Rights Act, and the 1991 Amendments thereto.

### FACTS

6.      Plaintiff Millender was hired by Defendant Trenholm on or about August 1, 2000. She was initially hired as Case Management Specialist/Coordinator of Welfare to Work Program. Plaintiff Millender has a Bachelor's degree from Stillman College and a Master's Degree in Management from Faulkner University.

7.      In about 2003, Plaintiff Millender was moved to the position of Program Director of Welfare to Work Program and received a pay increase.  On or about August, 2004 Plaintiff was moved to the position of Director of Automotive Work Force, Off-campus Instructional Sites.  In a month of taking this new position she was given additional duties for a program called "Tech Prep".  She has been given all the "Tech Prep" duties for the school and made Director of that program.  In June of 2005, Plaintiff Millender was given additional duties of the WorkKeys Program. By August of 2005 Plaintiff Millender was the Director of three programs.  As these additional duties were added she was not given additional monies.

8.      On or about October 27, 2005, Petitioner asked Defendant Molina for a pay raise.

---

that a permanent President will be selected and will need to be substituted as the proper party in this matter.  When the permanent President is selected, Plaintiff will move to this Court to substitute that person as the proper party in this matter for prospective equitable relief.

Petitioner is paid pursuant to a salary schedule. However, the salary schedule that she is placed on is a C-3 salary schedule. Unlike the other salary schedules in the school system, this salary schedule has one step that says that the President can pay an employee on this schedule anywhere between $0-71,000. The salary schedule has no objective standards or criteria for how a person is to be placed on the salary schedule. The salary schedule allows the President to use his discretion on how to pay an individual. There are no objective standards or policies which dictate who is placed on a C-3 salary schedule and who is not placed on a C-3 salary schedule.

9.      At the meeting on or about October 27, 2005, Defendant Molina agreed to place Plaintiff on the C-2 salary schedule at step 5 which based upon her years of experience and education would have increased her annual pay by approximately $16,000. He expressed to her that she was doing an excellent job and appreciated what she did for the school. However this change was not effectuated and Plaintiff Millender did not receive her raise.

10.      On or about May 4, 2006, Defendant Molina approached Plaintiff Millender stating that he had heard about negative comments being made about him. At that time, Defendant Molina told Plaintiff Millender that he could not promote someone who had negative things to say about him. Later, Plaintiff Millender asked Defendant Molina if he thought she had made negative comments and she was told it was someone she was getting close to who had made negative comments about him. However, after this conversation Defendant Molina was much more negative toward Plaintiff Millender in his demeanor and conversations. Prior to this conversation Plaintiff Millender had only received praise from Defendant Molina about her work at the school. She had not been formally evaluated at that point.

11.      On or about June 27, 2006, Plaintiff Millender wrote Defendant Molina stating that

-3-

she is being paid less than male counterparts who have similar or less experience and have similar

or less duties.  Plaintiff identified three male employees who were paid more than Plaintiff and who

are similarly situated to plaintiff.  She opposed an unlawful discriminatory practice in that letter and

outlined what she

 was doing at the school and again requested a salary increase and a promotion to the C-1 salary

schedule.        12.        In a letter dated July 5, 2006, Defendant Molina responded to her letter stating

that,  in substance, that she could not be moved to the C-1 Salary Schedule due to economic

problems of the school.  In that letter, Defendant Molina stated that he would meet with Plaintiff to

discuss  other  options  or  possibilities  for  her.    Other  employees  of  the  school,  namely  male

supervisors, had received increased pay for additional duties around the time of her request.

        13.        On July 25, 2006, a meeting was held between Defendant Molina, Joan Davis

(attorney for the Department of Postsecondary Education and Vice Chancellor of the Department of

Postsecondary  Education),  Wilford  Holt  (supervisor  of  Plaintiff  Millender),  Ann  Sippial  (AEA

UniServe Director), Pam Rollins (Human Resources Director at Trenholm Tech), and Plaintiff.  At

this  meeting,  Plaintiff  Millender  reiterated  her  request  to  be  paid  additional  monies  and  to  be

properly compensated given her duties and experience and that she was not compensated the same

as  male  counterparts  who  performed  similar  or  less  work  with  similar  or  less  experience  and

credentials.  Defendant Molina refused to provide additional monies for Plaintiff Millender and told

Plaintiff Millender he would remove some of her duties.        14.        On August 9, 2006, Plaintiff

                                                                                                filed  an  EEOC  complaint

                                                                                                regarding the discriminatory

pay.  Said complaint is attached hereto as Exhibit "A".  Plaintiff received a Right to Sue letter after

October 6, 2006. Said letter is attached hereto as Exhibit "B".

15.     On August 16, 2006, Ann Sippial, on behalf of Plaintiff Millender, restated Plaintiff Millender's position that she should receive a salary increase and promotion to C-1 pay schedule and that Ms. Millender enjoys her job duties and responsibilities and only requests to be properly compensated. The letter stated that Plaintiff Millender expected, as a result of the July 25, 2006 meeting, the school would  get back with Plaintiff Millender and she was waiting on the school's response to her request. On the same date of August 16, 2006, Defendant Molina wrote Ann Sippial and stated that the college could not afford Millender's salary increase and that he would eliminate some of her job duties. This elimination of duties took place officially September 25, 2006. Plaintiff Millender considers this removal to be retaliatory for her opposing an unlawful employment practice and to be a demotion.

16.     Upon information and belief, Defendants have a history of discriminating against employees based upon their gender. Further, Defendants have a history of unlawful retaliation against employees for engaging in protected speech and/or making EEOC complaints.

17.     No actions have been taken to properly correct the discriminatory actions of Defendant Trenholm.

18.     The authority and responsibility for operation, management, control, supervision, maintenance, regulation, and improvement Defendant Trenholm is vested by law with Defendant Molina.

19.     Defendant Molina has the authority to hire, fire, promote and make work assignments of employees of Defendant Trehnolm.

20.     Defendants made the decision to deny Plaintiff the promotion and pay increase as

well as take away her job title and job responsibilities. Defendants discriminated against Plaintiff due to her gender and for voicing concerns about discrimination in the pay. Defendants have discriminated in the pay of Plaintiff by paying her less than similarly situated males and by assigning her additional duties without additional compensation unlike Defendants' treatment of similarly situated males. Defendants have used a C-3 salary schedule (that has no objective standards or written policies for determining what amount of salary to pay or who should be placed on the schedule) to discriminate against Plaintiff based on her gender. Defendants refused to honor their agreement to place Plaintiff on C-2 salary schedule.

21.     Defendant Molina acted outside his jurisdiction and without authorization of law. Defendant Molina acted willfully, knowingly, and purposefully with a specific intent to deprive Plaintiff of her rights as herein alleged.

22.     Plaintiff's exercise of her rights to complain about discrimination and the illegal compensation practices of Defendant Trenholm and Defendant Molina was a significant motivating factor in Defendant' denial of her job promotion, increase in pay, removal of job titles and job responsibilities. In addition, Plaintiff's gender was a significant motivating factor in Defendants' decisions to deny her the job promotion, increases in pay for increased duties, to take away her job title, to not pay her per the agreement to place her on the C-2 salary schedule or to compensate her as similarly situated males are compensated.

23.     The unlawful denial of promotion, the taking away of her job title and duties, the refusal to increase her pay with increased duties, refusal to abide by the agreement reached with her to place her on a C-2 salary schedule, and the use of the C-3 salary schedule to discriminate against

Plaintiff were the exercise of final policy making authority by Defendant Molina and these decisions were not subject to meaningful review under State law as well as relevant custom having the force of law.

24.     Defendants denied Plaintiff the promotion, denied her an increase in pay for the increase in job duties, and refused to abide by the agreement to place her on the C-2 salary schedule, did not compensate her as similarly situated males are compensated and did not increase her pay for increased duties as they did for similarly situated males, and used the C-3 salary schedule to discriminate unlawfully against the Plaintiff based upon her gender and for her opposing unlawful employment practices.  All such actions were arbitrary and capricious actions by Defendant Molina in his position as President of Defendant Trenholm.  Defendant Trenholm has ratified actions of Defendant Molina by not taking steps to stop and/or correct same.

25.     Defendants have acted outside their jurisdiction and without authorization of law. Defendants have acted willfully, knowingly, and purposely with a specific intent to deprive Plaintiff of her rights as alleged herein.

26.     Upon information and belief, Defendants have acted in concert with each other in these illegal employment decisions toward Plaintiff Millender in violation of 42 U.S.C. §1983 and §1985(3).

27.     In their actions toward Plaintiff as described above, Defendants acted willfully, intentionally and with callous and reckless indifference to Plaintiff's rights under the Fourteenth Amendment to the United States Constitution, the Equal Protection Clause, 42 U.S.C. §1983 and §1985(3), and the laws of the State of Alabama.  As a result of Defendants' denial of the promotion to Plaintiff, increase in pay to Plaintiff, refusal to honor the agreement to place Plaintiff on the C-2 salary schedule, refusal to increase Plaintiff's pay for increased duties as Defendants have treated

-7-

similarly situated males, not compensate Plaintiff as similarly situated males are compensated, and

the use of the C-3 salary schedule to discriminate against Plaintiff based upon her gender and to

retaliate against her, and the removal of her duties and responsibilities in causing her to be demoted

in retaliation of Plaintiff's exercise of her rights to complain about discrimination, Plaintiff has

suffered a loss of income, loss of job benefits, severe humiliation, mental distress and emotional

suffering.

## COUNT I

## GENDER DISCRIMINATION AND RETALIATION - TITLE VII

28.     Plaintiff adopts and re-alleges each and every allegation contained in this

complaint as if set out anew herein.

29.     Plaintiff alleges that Defendant Trenholm is the employer of Plaintiff and Plaintiff

is an employee within the definitions of Title VII, 42 U.S.C. §2000e, et seq., as amended.

30.     Plaintiff has been intentionally discriminated against on the basis of her gender,

female, by Defendant Trenholm in violation of Title VII based upon the following:

      a.     Plaintiff has been denied promotion from the C-3 salary
          schedule to either C-2 or C-1 salary schedule, as described
          above;

      b.     Plaintiff has been denied an increase in pay for increased
          duties while male employees have been given increased pay
          for increased duties.  These actions are in violation of Title
          VII of the Civil Rights Act of 1964, as amended by the Civil
          Rights Act of 1991;

      c.     Plaintiff has been paid less than male counterparts who have equal or
          less experience and equal or less qualifications and have equal or less
          job responsibilities and duties.  These actions were in violation of
          Title VII of the Civil Rights Act of 1964, as amended by the Civil
          Rights Act of 1991;

      d.     Plaintiff has been denied promotion to C-2 salary schedule as agreed

upon by the Defendants. This refusal is based upon her gender and in violation of the Civil Rights Acts of 1964, as amended by the Civil Rights Act of 1991;

e. Defendant Trenholm has used the C-3 salary schedule, which has no objective standards or written policies for where an individual is to be placed or paid on it, or any objective standard or written policy about who is to be placed on the C-3 schedule versus C-1 or C-2 schedule. The lack of objective standards, written policies, and the broad range of the salary schedule and its allowance of the arbitrary and capricious discretion of the President to place persons on the schedule and to pay them whatever amount of money he wishes to pay facilitates, led to, or allows Defendants to discriminate based upon gender, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991;

f. The removal of Plaintiff's title and duties and responsibilities discriminates against Plaintiff in violation of Title VII of the Civil Rights Act, 1964 as amended by the Civil Rights Act of 1991 and treated her differently than similarly situated males.;

g. Defendant Trenholm has a history of discriminating against female employees of violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

31. In taking the above described actions, Defendant Trenholm intentionally discriminated against Plaintiff on the basis of her sex. Males were not treated in a similar fashion. The actions of Defendant Trenholm were taken with malice and reckless indifference to the federally protected rights of Plaintiff.

32. Defendant Trenholm unlawfully and intentionally retaliated against Plaintiff by denying her increased pay for her increased duties, by denying her promotions, by denying her compensation as similarly situated employees, by unjustifiably criticizing her performance, by subjecting her to an unjustified evaluation, and by demoting her and/or removing her duties – all because she filed an EEOC complaint and/or opposed discriminatory practice by Defendant

Trenholm in her letter of June 27, 2006 and meeting on July 25, 2006 in violation of Title VII of the

Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.  As a result of this retaliation,

Plaintiff suffered as a proximate cause economic loss, lost wages, mental anguish and other

compensatory damages.  Defendant Trenholm has a pattern practice of retaliation against females

and/or those who complain against and oppose discriminatory practices of Defendant and file EEOC

complaints.

33.     As a proximate result of Defendants' conduct, Plaintiff has suffered, and will

continue to suffer, lost back pay and benefits, mental anguish, emotional distress and other damages.

34.     Plaintiff has satisfied all administrative prerequisites to bring in this claim.

Plaintiff has timely filed a charge with the Equal Employment Opportunity Commission against

Defendants, and has received the statutory Right to Sue letters which are attached hereto as Exhibit

"A", "B", and "C"[2].

35.     Plaintiff has exhausted her administrative remedies and satisfied all jurisdictional

requirements before filing suit under Title VII of the Civil Rights Act of 1964, as amended by the

Civil Rights Act of 1991.  This complaint is filed within 90 days of receipt of the notification of the

right to sue letter on her EEOC charge.  Said right to sue letter was mailed on October 6, 2006, and

received thereafter.  Plaintiff has also amended her complaint within 90 days of receiving the

notification of right to sue from the U.S. Department of Justice, Civil Rights Division.

---

[2]The local office of the Equal Employment Opportunity Commission issued a Dismissal
and Notice of Rights without forwarding the file the U.S. Department of Justice, Civil Rights
Division, for the issuance of the proper Notice of Right to Sue.  Plaintiff was forced to file her
original complaint within 90 days of the receipt of the Dismissal and Notice of Rights letter since
she could not obtain the proper Notice of Right to Sue for U.S. Department of Justice, Civil
Rights Division, within this time frame.  Plaintiff has now received the proper Notice of Right to
Sue from the U.S. Department of Justice, Civil Rights Division.

WHEREFORE, THE PREMISES CONSIDERED, Plaintiff respectfully requests this Court to grant the following relief:

(A)     Grant Plaintiff declaratory judgment that practices complained of herein are violative of the rights secured to Plaintiff by Title VII of the Civil Rights Act of 1964 and the 1991 amendments thereto.

(B)     Grant Plaintiff an order in joining Defendant Trenholm and all persons acting in concert with Defendant from engaging in discriminatory and retaliatory employment practices on the basis of gender.

(C)     Grant Plaintiff the placement, position and the pay she should have received absent Defendants' discriminatory treatment.

(D)     Grant Plaintiff the appropriate amount of back pay, damages, a pay raise with back pay in the amount that she would have earned but for the unlawful discriminatory and retaliatory practices of Defendant, and reinstatement, and/or in the alternative, front pay.

(E)     Grant Plaintiff an award of compensatory damages, including but not limited to, mental anguish and emotional distress.

(F)     Award Plaintiff her costs and expenses including what are reasonably attorney's fees.

(G)     Award any other such legal and equitable relief that may be appropriate.


**COUNT II**

**VIOLATION OF EQUAL PAY ACT**

36.     Plaintiff adopts and re-alleges each and every allegation contained in this complaint as if set out anew herein.

37.    Defendant Trenholm is an employer and Plaintiff is an employee within the meaning of the Equal Pay Act.  During the period of time that Plaintiff has been an employee of Defendant Trenholm, Plaintiff has performed the same duties as male employees, particularly the male supervisors, Mike Miller, Michael Evans, Quinton Ross and Charles Harris; however, she has been paid less wages, and has been placed and maintained on a lower pay schedule, for equal work which she has performed, requiring equal skills, equal effort, and equal responsibility.  Such practices violate the Equal Pay Act, 29 U.S.C. §206(d).  Further, Defendant Trenholm has retaliated against Plaintiff by refusing to increase her pay to that of males doing equal work with equal skill, equal effort, and equal responsibility, by unjustifiably criticizing her performance, by subjecting her to an unjustified evaluation, by refusing to increase her pay for additional responsibilities she has undertaken as has been done for male employees, and by demoting her and removing job duties in violation of the Equal Pay Act, 29 U.S.C. §206(d).

WHEREFORE, THE PREMISES CONSIDERED, Plaintiff respectfully requests this Court to provide the following relief:

(A)    To award against Defendant Trenholm a declaratory judgment finding the policies and actions of Defendant violated the Equal Pay Act and enter a mandatory and permanent injunction to remedy such violation with the award of pay, back pay (plus interest), seniority and benefits to which the Plaintiff would have been entitled had such violation not occurred.

(B)    To enter an order for compensatory damages in the amount to be determined by the trier of fact including back pay and emotional distress for violations of the Equal Pay Act by Defendant Trenholm.

(C)    Enter an award of attorney's fees, expenses and costs against Defendant Trenholm

-12-

and in favor of Plaintiff.

    (D)    Award such other relief as the Court deems proper and just under the circumstances.

**COUNT III**

**CONSTITUTIONAL VIOLATIONS AND 42 U.S.C. §1983**

    38.    Plaintiff adopts and re-alleges each and every allegation contained in this complaint as if set out a new herein.

    39.    This action is brought against Defendant Molina in his official capacity and against Defendant Trenholm.

    40.    Defendant Molina is the official and final policy maker for Trenholm and is responsible for the day-to-day operation of the institution.  Defendant Molina is the final decision maker of Defendant Trenholm.  Defendant Molina's actions are official custom and/or policy of Defendant Trenholm. Defendant Molina's actions are not subject to meaningful review. The actions of Defendant Molina were wrongful and unconstitutional and in excess of his jurisdiction, made without authorization of law and/or willfully, in bad faith, knowingly, and purposely with specific intent to deprive Plaintiff of her rights herein.  A result of reasons of the actions described in this complaint Plaintiff has suffered irreparable injury, hardship and harm by Defendants Molina and Trenholm.

    41.    Under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, Plaintiff had a right to be free from gender discrimination in her employment with Defendant.  Defendant Molina, in his official capacity, and Defendant Trehnolm, under color of state law in violation of 42 U.S.C. §1983, purposely deprived Plaintiff of clearly established federal and constitutional rights by subjecting to her to intentional and unlawful discriminatory

-13-

employment practices based upon her sex as described above and retaliatory practices based upon her EEOC complaint and opposing unlawful discriminatory practices of the school. Those practices included refusal to compensate her for the work as similarly situated males are compensated, refusal to increase her pay for increased duties as had been done for similarly situated males, refusal to promote her, refusal to honor the agreement of the C-2 salary schedule, use of a C-3 salary schedule as a means for discriminatory conduct based upon gender, unjustifiably criticizing her performance, subjecting her to an unjustified evaluation, and the removal of her title and her duties for objecting to discriminatory treatment and for opposing unlawful employment practices. As a result of this discrimination and retaliation, Plaintiff has suffered damages and lost wages, mental anguish and lost benefits.

42.    Under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, Plaintiff had a right to be free from arbitrary and capricious actions and decisions of Defendants. Defendant Molina, in his official capacity and Defendant Trenholm, under color of State law, in violation of 42 U.S.C. §1983 purposely deprived Plaintiff of clearly establishing Federal statutory and constitutional rights by arbitrary and capriciously refusing to pay her additional monies for additional duties assigned, to discriminatory treat her as a class of one and refuse to pay her as other similarly situated administrators, to arbitrarily and capriciously use an alleged salary schedule called C-3 salary schedule which has one cell $0-71,000 and allows persons to be placed on it and at certain levels without any objective standard or written policies or rational basis. As a result of these actions Plaintiff has suffered damages, lost wages, mental anguish and lost benefits.

43.    Under the First Amendment and the Fourteenth Amendment of the United States Constitution, Plaintiff had a right to be free from retaliation for being associated with individuals

-14-

who Defendants believed criticized Defendant Molina.  Further, Plaintiff had a right under said provisions of the Constitution to not be retaliated against for exercising protected speech. Defendants retaliated against Plaintiff by demoting Plaintiff and reducing her duties, refusing her increase in pay that was appropriately due and for refusing to promote Plaintiff based upon retaliation for association with an individual who criticized Defendant Molina and for objecting to and opposing unlawful discrimination practices by Defendant Molina and Defendant Trenholm, and filing an EEOC complaint.  Defendant Molina, in his official capacity, and Defendant Trenholm under color of State law and in violation of 42 U.S.C. §1983 purposely deprived Plaintiff of the clearly established federal statutory and the Constitutional Rights as described above.  As a proximate cause of the wrongful acts of Defendants, Plaintiff avers that she has suffered economic losses, lost wages, lost benefits, income, mental anguish and other compensatory damages.

WHEREFORE, THE PREMISES CONSIDERED, Plaintiff respectfully requests this Honorable Court to provide the following relief:

(A)    To issue a Declaratory Judgment declaring the actions of all Defendants in failing to promote Plaintiff, failing to increase Plaintiff's pay, failing to honor the agreement placed on a C-2 salary schedule, failure to compensate her an amount as similarly situated males, discriminatory use of the C-3 salary schedule, and/or the removal her title and job responsibilities as alleged herein violated Plaintiff's rights under the First and Fourteenth Amendments of the United States Constitution and 42 U.S.C. §1983.

(B)    Issue declaratory judgment declaring the employment practices of Defendants as set out in this complaint unconstitutional.

(C)    Enter mandatory and permanent injunction requiring Defendants to promote or

increase the pay of Plaintiff with all back pay, allowances, seniority, tenure, retirement benefits, to which Plaintiff would have been promoted or received absent the unconstitutional actions described above of the Defendants.

(D)     Enter a mandatory and permanent injunction conjoining Defendants, their successors in office, their agents, their servants, and their employees from discriminating or retaliating against Plaintiff in violation of the First and Fourteenth Amendment of the United States Constitution and 42 U.S.C. §1983.

(E)     Enter an order requiring Defendants to make Plaintiff whole by granting appropriate declaratory and injunctive relief, awarding back pay, awarding mental anguish damages, economic compensatory damage to be determined by the trier of fact, award attorney's fees, expenses and costs.

(F)     Grant such additional and further relief as the Court deems proper and just in the circumstances.

## COUNT IV

## BREACH OF CONTRACT/MANDAMUS

44.     Plaintiff adopts and re-alleges each and every allegation contained in this complaint as if set out a new herein.

45.     Defendants agree to move Plaintiff from the C-3 salary schedule to the C-2 salary schedule and to an appropriate level of her experience at that salary schedule.  Defendants breached that agreement and failed to refuse to move Plaintiff to that position.  Plaintiff has relied upon to her detriment the promises and agreement of the Defendants.  Defendants have arbitrarily and capriciously breached this agreement by refusing to move her from the C-2 salary schedule.

-16-

46.     Plaintiff requests declaratory and injunctive relief as well as mandamus to order Defendants to, first, find that there was a valid lawful agreement between Plaintiff and Defendants for Plaintiff to be placed on a C-2 salary schedule; second,  to find that Plaintiff is entitled to be placed upon the C-2 salary schedule; and third, based upon those findings, enter injunctive relief and mandamus to order Plaintiff to be placed on the appropriate C-2 salary schedule as per the agreement.  Further, Plaintiff requests that she be awarded back pay and other compensatory amounts.

WHEREFORE, THE PREMISES CONSIDERED, Plaintiff requests this Court to enter a writ of mandamus and injunctive and declaratory relief described above and enter the findings and award the relief described above.  Further Plaintiff requests award of costs for the prosecution of this action and other appropriate relief as the Court deems fit.

/s/ William F. Patty
William F. Patty
Attorney for Plaintiff

**OF COUNSEL**
Beers, Anderson, Jackson, Patty
 & VanHeest, P.C.
P. O. Box 1988
250 Commerce Street
Suite 100
Montgomery, AL 36102-1988
Telephone: (334) 834-5311
Facsimile: (334) 834-5362
Email: Bpatty@beersanderson.com

/s/ Candis A. McGowan
Candis A. McGowan
Attorney for Plaintiff

**OF COUNSEL**

-17-

Wiggins, Childs, Quinn & Pantazis, L.L.C.
The Kress Building
301 - 19th Street North
Birmingham, AL 35203
Telephone: (205) 314-0513
Facsimile: (205) 314-0713
Email: cmcgowan@wcqp.com


**PLAINTIFF/PETITIONER MILLENDER HEREBY DEMANDS A TRIAL BY JURY FOR ALL ISSUES TRIABLE BY A JURY.**


<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I have electronically filed the above Amended Complaint with the Clerk of Court using CM/ECF system which will send notification of such filing to the following:

TO:

Mary Goldthwaite

Office of Attorney General
11 South Union Street
Montgomery, AL 36103


On this the 12th day of June 2007.


/s/ Candis A. McGowan_____
Of Counsel

# CHARGE OF DISCRIMINATION

| | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | ☐ FEPA ☐ EEOC | |

_____ and EEOC

State or local Agency, if any

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Ms. Carolyn Millender | (334) 281-2108 |

| STREET ADDRESS  CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|
| 3552 Dee Drive Montgomery, AL 36116 | 05/03/70 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.) (See Attached Sheet)

| NAME  H. Councill Trenholm  State Technical College | NUMBER OF EMPLOYEES, MEMBERS  200+ | TELEPHONE (Include Area Code)  (334) 420-4200 |
|---|---|---|

| STREET ADDRESS  CITY, STATE AND ZIP CODE | COUNTY |
|---|---|
| 1225 Air Base Blvd. Montgomery, AL 36108 | Montgomery |

| NAME (Indicate Mr., Ms., Mrs.)  Dr. Anthony L. Molina, President | HOME TELEPHONE (Include Area Code)  (334) 420-4216 office |
|---|---|

| STREET ADDRESS  CITY, STATE AND ZIP CODE | COUNTY |
|---|---|
| 1225 Air Base Blvd. Montgomery, AL 36108 | Montgomery |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box (es))

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ AGE
☐ RETALIATION  ☐ NATIONAL ORIGIN  ☐ DISABILITY  ☒ OTHER (Specify) Equal Pay Act

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA)  LATEST (ALL)
July 31, 2006

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

(See Attachment.)

RECEIVED
EEOC

AUG 0 9 2006

BIRMINGHAM DISTRICT OFFICE

| I want this charge filed with both the EEOC and the State or Local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.  SIGNATURE OF COMPLAINANT |
| Date  August 7, 2006    Charging Party (Signature)  Carolyn Millender | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE |

EXHIBIT "A"  PENGAD 800-631-6889

**THE PARTICULARS ARE:**

I have been employed with H. Councill Trenholm State Technical College since August 2000. In October 2004, I served in the position of Director of Automotive Workforce Development, Off-Campus Instructional Site, and Tech Prep and was paid pursuant to the school's C-3 salary pay schedule. At this time there were several males in the position of Director and was responsible for one (1) program and was paid pursuant to the C salary pay schedule at a higher salary. Some of those males were: Michael Evans, Retention Advisor; Mike Miller, Coordinator of Training for Business and Industry; and Quinton Ross, Director of Adult Education. President Molina has the sole discretion of where to place individuals on the school's C salary schedule.

In June 2005, I was given the additional duties and responsibilities of WorkKeys Test Administrator/Job Profiler. For the 2005-2006 school year, I was responsible and in charge of these three (3) programs. However, I continued to be paid at the lowest step of the C salary schedule while male Directors who are only responsible for single programs were paid at higher steps/salaries. Upon information and belief, I am paid at a rate less than male comparators who perform lesser or equal duties and responsibilities than I do because of my sex/gender (female). But for my gender/sex, I would be placed at higher steps on the C salary schedule.

Since Dr. Molina's appointment as President of Trenholm State Technical College, he has never placed a female on the C salary schedule above Step 3. Steps 1 and 2 are reserved solely for male professionals.

**Date:**                     **Charging Party (Signature):**

*August 7, 2006*            *Carolyn Millender*

2.

RECEIVED
EEOC

AUG 0 9 2006

BIRMINGHAM DISTRICT OFFICE

The following are additional individuals/agencies that also discriminate against me:

1.  The **Alabama Department of Postsecondary Education** ("Department of Postsecondary Education") which provides leadership, direction and supervision for the member institutions of The Alabama College System such as H. Councill Trenholm State Technical College.

2.  The **Alabama State Board of Education** ("State Board") which is responsible for overseeing and directing the Department of Postsecondary Education. Moreover, the State Board of Education is charged with appointing the Chancellor.

3.  **The Chancellor** for the Alabama Department of Postsecondary Education. The Chancellor is charged with assisting the State Board in carrying out its authority with respect to the management and operation of the community, junior, and technical colleges within the Department of Postsecondary Education.

RECEIVED
EEOC

AUG 0 9 2006

BIRMINGHAM DISTRICT OFFICE

## DISMISSAL AND NOTICE OF RIGHTS

To:  Carolyn  Millender
3552 Dee Drive
Montgomery, AL 36116

From:  Birmingham District Office - 420
Ridge Park Place
1130 22nd Street, South
Birmingham, AL 35205

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420-2006-04336 | Sheri G. Guenster, Investigator | (205) 212-2059 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability  as defined by the Americans With Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file yo charge

[ ]   Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available f interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ]   While reasonable efforts were made to locate you, we were not able to do so.

[ ]   You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtaine establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as t any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the on notice of dismissal and of your right to sue that we will send you.  You may file a lawsuit against the respondent(s) und federal law based on this charge in federal or state court.  Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your recei of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a state claim m be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of t alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 yea</u> before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)

Bernice  Williams-Kimbrough,
District Director

6 OCT 2006

*(Date Mailed)*

cc:  **Dr. Anthony Morina**
**President**
**H. COUNCIL TRENHOLM STATE TECHNICAL COLLEGE**
**1225 Air Base Blvd.**
**Montgomery, AL 36108**



EXHIBIT

"B"

U.S. Department of Justice

Civil Rights Division

NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

---

CERTIFIED MAIL
5068 9698

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4239*
*Washington, DC 20530*

March 28, 2007

Ms. Carolyn Millender
c/o William F. Patty, Esquire
Law Offices of Beers, Anderson, et al.
Attorneys at Law
P.O. Box 1988
Montgomery, AL  36102

Re: EEOC Charge Against H. Council Trenholm State Technical College, et al.
    No. 420200701315

Dear Ms. Millender:

Because you filed the above charge with the Equal Employment
Opportunity Commission, and the Commission has determined that it
will not be able to investigate and conciliate that charge within
180 days of the date the Commission assumed jurisdiction over the
charge and the Department has determined that it will not file any
lawsuit(s) based thereon within that time, and because you through
your attorney have specifically requested this Notice, you are
hereby notified that you have the right to institute a civil action
under Title VII of the Civil Rights Act of 1964, as amended, 42
U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be
filed in the appropriate Court within 90 days of your receipt of
this Notice.

This Notice should not be taken to mean that the Department of
Justice has made a judgment as to whether or not your case is
meritorious.

Sincerely,

Wan J. Kim
Assistant Attorney General
Civil Rights Division

by *Karen L. Ferguson*

Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: Birmingham District Office, EEOC
    H. Council Trenholm State Technical College, et al.