IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CAROLYN MILLENDER, | * | |
| Plaintiff, | * | |
| -vs- | * | CIVIL ACTION NO. 2:07-cv-145-MHT |
| H. COUNCILL TRENHOLM STATE TECHNICAL COLLEGE, and | * | |
| ANTHONY MOLINA, in his official capacity as President of H. Councill | * | |
| Trenholm State College, | * | |
| Defendants. | * | |

## MOTION TO QUASH DEFENDANT'S SUBPOENA

Alabama Education Association ("AEA") respectfully moves to quash the attached civil subpoena. The subpoena seeks the production of all communications, documents and recordings relating to Carolyn Millender, Anthony Molina and/or allegations of sex discrimination and/or unequal pay at Trenholm State Technical College. As explained here, certain documents in the possession of AEA are protected from disclosure by the attorney-client privilege and/or work-product doctrine. So, the subpoena should be quashed.

## FACTS

The relevant facts are as follows, as established by the accompanying sworn declaration of AEA in-house attorney, Greg Graves.

1

The AEA is a membership organization which works on behalf of education employees in Alabama. One of the things that AEA offers to its members is legal representation in many employment-related matters. A member institutes a request for legal representation by filing out what is know as a "PR&R Form," which includes information about the nature of the matter in which the members seeks representation. The form seeks substantial information from the member about the facts and the nature of the issue. The completed PR&R Form is then reviewed by in-house counsel for AEA and other AEA personnel in order to decide whether AEA will provide representation. If AEA decides to provide representation, sometimes an AEA in-house counsel appears as counsel for the member. Sometimes AEA instead, or in addition, pays for representation by an outside attorney who is in AEA's "network" of cooperating attorneys.

Mr. Graves, an in-house AEA lawyer and member of the Alabama Bar, has a file that would potentially come within the subpoena's description, because Ms. Millender completed and submitted a PR&R Form dated August 25, 2006. That form includes Ms. Millender's recitation of facts, provided by her and read by AEA in-house counsel as part of the process of Ms. Millender's seeking legal representation and AEA's decision whether to provide such representation.

Mr. Graves' file also includes documents of the following nature, which are identified sufficiently to show what they are without inappropriately disclosing contents of any communication. First, there are the following matters which AEA does not claim

2

are privileged and will produce them to the Assistant Attorney General if requested to do so; however, this seems quite unnecessary as the Assistant Attorney General surely already has copies of these documents.

A.  Letter of August 16, 2006 from Uniserv Director Ann Sippial to Anthony L. Molina, President, Trenholm State Technical College.

B.  Charge of discrimination filed by Carolyn Millender with EEOC dated August 7, 2006 and stamped received by EEOC August 9, 2006.

C.  Receipt executed by Carolyn Millender acknowledging receipt of job description.

D.  Document entitled Trenholm State Technical College - job description.

E.  Notes of "employee conference" with AEA of July 25, 2006 prepared by Pam Rollins.

F.  Letter of June 27, 2006 from Carolyn Millender to Dr. Anthony L. Molina.

G.  Receipt dated June 29, 2006 executed by Deborah Guipp for Dr. Molina acknowledging receipt of letter to Dr. Molina.

H.  Letter dated July 5, 2006 from Dr. Molina to Carolyn Millender.

I.  Additional copy of charge of discrimination dated August 7, 2006, executed by Carolyn Millender.

J.  Letter dated August 16, 2006 from Uniserv Director Sippial to President Molina.

K.  Letter dated August 16, 2006 from President Molina to Uniserv Director Sippial.

L.  Receipt dated 9/30/04 executed by Carolyn Millender acknowledging receipt of a copy of job description, with job description attached.

M.  Letter dated August 17, 2004 from President Molina to Carolyn Millender

3

offering appointment as Director of Automotive Workforce Development.

N.    Undated copy of job description of position of Coordinator of Automotive Workplace Development and Off Campus Instruction Sites.

As to the remaining documents in Mr. Graves' file, AEA does invoke privilege

and work-product protection. These documents are as follows:

O.    Letter dated September 15, 2006 from Dr. Joe L. Reed to Carolyn Millender concerning assignment of legal counsel.

P.    Letter dated September 22, 2006 from attorney Theron Stokes to Dr. Joe L. Reed concerning assignment of counsel.

Q.    Letter dated October 4, from Dr. Joe L. Reed to Carolyn Millender concerning assignment of counsel.

R.    Letter dated October 9, 2006 from attorney William F. Patty to Dr. Joe L. Reed concerning assignment of counsel.

S.    Letter dated November 6, 2006 from attorney William F. Patty to Dr. Joe L. Reed concerning review of the case.

T.    Letter dated December 5, 2006 from attorney William F. Patty to Dr. Joe L. Reed concerning status of review.

U.    Letter dated December 21, 2006 from attorney William F. Patty to Dr. Joe L. Reed concerning analysis of the case.

V.    Letter dated January 11, 2007 from attorney William F. Patty to Dr. Joe L. Reed concerning legal strategy.

W.    Letter dated February 8, 2007 from attorney William F. Patty to Dr. Joe L. Reed concerning filing of suit.

X.    Letter dated March 9, 2007 from attorney William F. Patty to Dr. Joe L. Reed concerning removal of the case to federal court.

Y.    Letter dated April 6, 2007 from attorney Candis McGowan to Dr. Joe L.

4

Reed concerning status of the case.

Z.    Letter dated April 10, 2007 from attorney William F. Patty to Dr. Joe L. Reed concerning status.

AA.   Letter dated May 4, 2007 from attorney Candis McGowan to Dr. Joe L. Reed concerning status.

BB.   Letter dated May 15, 2007 from attorney William F. Patty to Dr. Joe L. Reed concerning status.

CC.   Letter dated June 5, 2007 from attorney Candis McGowan to Dr. Joe L. Reed concerning status.

DD.   Letter dated June 5, 2007 from attorney William F. Patty to Dr. Joe L. Reed concerning status.

EE.   Letter dated July 5, 2007 from attorney Candis McGowan to Dr. Joe L. Reed concerning status.

FF.   Letter dated July 6, 2007 from attorney William F. Patty to Dr. Joe L. Reed concerning status.

GG.   Letter dated August 3, 2007 from attorney Candis McGowan to Dr. Joe L. Reed concerning status.

HH.   Letter dated August 6, 2007 from attorney William F. Patty to Dr. Joe L. Reed concerning status.

II.   Letter dated September 10, 2007 from attorney William F. Patty to Dr. Joe L. Reed concerning status.

JJ.   Letter dated September 4, 2007 from attorney Candis McGowan to Dr. Joe L. Reed concerning status.

KK.   PR&R Form submitted by Ms. Millender seeking legal representation.

AEA invokes the privilege and related protections for documents O. through KK.

AEA employee Ann Sippial also has a file pertaining to Ms. Millender. Ms.

5

Sippial is a Uniserv Director for AEA. The job of a Uniserv Director includes, among other duties, the role of being an initial contact point for members who are involved in employment-related disputes that have possible legal ramifications; Uniserv Director will gather information from the member and, if warranted, assist the member in filling out a PR&R Form to request legal representation.

Ms. Sippial's file contains one document to which AEA does not assert a privilege; but, as above, this document is already in the possession of the Assistant Attorney General. AEA reserves the right to assert the privilege as to future demands directed to Ms. Sippial. Ms. Millender has not waived the privilege as to any of the matters involved herein.

## ARGUMENT

The documents at issue are covered by the attorney-client privilege and/or the related "work-product" doctrine. The Eleventh Circuit has stated as follows regarding the privilege.

This court's leading case on the attorney-client privilege is *United States v. Jones*, 517 F.2d 666 (5th Cir. 1975). *Jones* holds that a claim of attorney-client privilege requires proof of the following elements:

(1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is [the] member of a bar of a court, or his subordinate and (b) in connection with this communications is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either ( I) an opinion on law or (ii) legal services or (iii) assistance in some legal

6

> proceeding, and not (d) for the purpose of committing a crime or
> tort; and (4) the privilege has been (a) claimed and (b) not waived
> by the client.

*Jones*, 517 F.2d at 670 (quoting *United States v. United Shoe Machinery Corp.*, 89 F.Supp. 357, 358-9 (D.Mass. 1950)).

*In re Grand Jury Proceedings 88-9*, 899 F.2d 1039, 1042 (11th Cir. 1990). (Although this quotation is framed in terms of communications from the client to lawyer or subordinate, obviously the privilege also covers confidential communications *from* the lawyer or subordinate *to* the client. This is reflected, for instance, in Ala.R.Evid. 502(b). We are not claiming that the Alabama rule governs this matter, but are instead pointing out that this is, as far as we know, a completely settled aspect of privilege jurisprudence.) It is also settled that attorney work-product protection is applicable to and can be claimed as a basis for quashing subpoenas. *See e.g., In re Grand Jury Proceedings (Thompson)*, 624 F.2d 17 (5th Cir. 1980).

If the Court has any doubt as to whether any of the documents described above are exempt from disclosure, then we request that the Court convene a hearing or that the Court view the documents *in camera. See In re Grand Jury Subpoena*, 831 F.2d 225, 227-28 (11th Cir. 1987) (claim of attorney client privilege is to be resolved, by hearing or in camera inspection, as to each document at issue).

Some of the documents at issue – such as, for instance, R through JJ are covered as communications between AEA and its own counsel, or as the work-product (i.e., mental impressions) of AEA's own counsel.

7

To the extent that any of the documents at issue are not privileged or protected on this basis, those documents are protected from disclosure on the grounds that they were communications relating to Ms. Millender's efforts to obtain legal representation through AEA – either in the form of AEA in-house counsel or otherwise. As demonstrated by the quotation above from *In re Grand Jury Proceedings 88-9*, the privilege covers not only communications in an existing lawyer-client relationship, it also covers communications in which the individual *sought to obtain* legal representation – i.e., "sought to become" a client. And, equally importantly, the privilege covers not only communications to or from the lawyer himself or herself, beyond that, it covers communications to or from the lawyer's "subordinate." While the word "subordinate" ordinarily refers in this regard to a secretary or paralegal, we submit that the concept equally well covers the non-lawyer AEA personnel involved in some of the communications here. The reason is that, as the facts show, these persons occupied an integral role in gathering the facts so that the lawyer could eventually decide whether to provide representation. Confidential communications to or from them were, therefore, an integral part of the legal process and should be treated as privileged on that basis.

For these reasons, to be supplemented as necessary during a hearing or *in camera* proceeding, the subpoena should be quashed.

8

Respectfully submitted,

THE GARDNER FIRM, P. C.
Attorneys for
Movant, Alabama Education Association
P. O. Box 3103
Mobile, Alabama 36652
251-433-8100
FAX 251-433-8181


By:_____s/J. CECIL GARDNER
         J. CECIL GARDNER


## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of October, 2007, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system which will send

notification of such filing to the following:

Mary A. Goldthwaite
Office of Attorney General
11 South Union Street
Montgomery, AL 36130

Respectfully submitted,

s/J. Cecil Gardner
Federal Bar Number: 463461
Attorney for
Movant, Alabama Education Association
P. O. Box 3103
Mobile, AL 36652
Phone: 251-433-8100
Fax: 251-433-8181
E-Mail: cgardner@thegardnerfirm.com

O 88 (Rev. 11/91) Subpoena in a Civil Case

# United States District Court

For the Middle        District of   Alabama, Northern Division

Carolyn Millender        V.   H. Councill Trenholm
                              Technical College

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:  2:07-cv-145-MHT

TO: **Custodian of Records**
    **Alabama Education Association**
    **422 Dexter Avenue**
    **Montgomery, AL  36104**

[] YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

[] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION · | DATE AND TIME |
|---|---|
|  |  |

[X] YOU ARE COMMANDED to produce the following documents or objects at the place, date, and time specified below (list documents or objects):

**See document attached hereto**

| PLACE:<br>Office of the Attorney General – Civil Division<br>11 South Union Street<br>Montgomery, AL  36130 | DATE AND TIME<br><br>October 20, 2007 |
|---|---|

[] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR A PLAINTIFF OR DEFENDANT)<br><br>*[signature]*<br><br>Mary A. Goldthwaite, Attorney for the Defendant | DATE<br>10/5/07 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Mary Goldthwaite, Esq.
Office of the Attorney General – Civil Division
11 South Union Street
Montgomery, AL  36130
(334) 353-9189/(334) 242-2433 (fax)

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

| PROOF OF SERVICE | | |
|---|---|---|
| SERVED | DATE | PLACE |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE<br>Certified Mail |
| SERVED BY (PRINT NAME) | | TITLE |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
　　　　　　　　　　　DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

ule 45, Federal Rules of Civil Procedure, Parts C & D:

) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and ervice of a subpoena shall take reasonable steps to avoid posing undue burden or expense on a person subject to that ubpoena. The court on behalf of which the subpoena was issue hall enforce this duty and impose upon the party or attorney in reach of this duty an appropriate sanction, which may include, but not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection nd copying of designated books, papers, documents or tangible ings, or inspection of premises need not appear in person at the lace of production or inspection unless commanded to appear for eposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person ommanded to produce and permit inspection and copying may, ithin 14 days after service of the subpoena or before the time pecified for compliance if such time is less than 14 days after ervice, serve upon the party or attorney designated in the ubpoena written objection to inspection or copying of any or all of e designated materials or of the premises. If objection is made, e party serving the subpoena shall not be entitled to inspect and opy the materials or inspect the premises except pursuant to an rder of the court by which the subpoena was issued. If objection as been made, the party serving the subpoena may, upon notice to e person commanded to produce, move at any time for an order compel the production. Such an order to compel production shall rotect any person who is not a party or an officer of a party from ignificant expense resulting from the inspection and copying ommanded.

(3)(A) On timely motion, the court by which a subpoena was sued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to avel to a place more than 100 miles from the place where that

person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver apples, or

(iv) subjects a person to undue burden.
(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will b reasonable compensated, the court may order appearance or production only upon specified conditions.

(D) DUTIES IN RESPONDING TO SUBPOENA.
(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of busines or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation material, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, o things not produced that is sufficient to enable the demanding party to contest the claim.

## DEFINITIONS

    \*     "Person" and/or "persons" mean all individual and/or entities, including without limitation individuals, associations, companies, partnerships, joint ventures, corporations, trusts, estates, agencies and/or governmental entities.

    \*     "Identify" means to state a person or entity's full name, address and telephone number, and with respect to a document, to identify its author, recipient, date and a description of its contents.

    \*     "Relate to," "Relating to," "Related to" and/or "indicating" mean connected with, regarding, discussing, referring to, or in any way pertaining to.

    \*     "Communication" and/or "Communications" shall mean all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, correspondence, notes, emails, text messages or any other form of oral, written and /or electronic communication.

    **YOU ARE COMMANDED to produce the following documents or objects at the place, date, and time specified below (list documents or objects):**

All communications, documents and recordings relating to Carolyn Millender, Anthony Molina and/or allegations of sex discrimination and/or unequal pay at Trenholm State Technical College including but not limited to, the following:

1)    The Professional Rights and Responsibility (PR&R) form(s) relating to Ms Millender;

2)    All emails, memos, calendars, work sheets, logs, journals, notations, notes, text messages, reports, facsimiles, letters (hand written and/or typed) and/or any other documentation of any kind reflecting and/or relating to all communications any persons have had with Carolyn Millender;

3)    All emails, memos, calendars, work sheets, logs, notes, text messages, reports, facsimile, letters (hand written    and/or typed) and/or any other documentation of any kind reflecting and/or relating to all communications AEA and or any persons related to AEA have had with any persons relating to Carolyn Millender;

4)    All calendars and/or calendar-like material, (electronic and/or paper) that reflect any appointments, meetings, phone conversation, contacts and/or conferences AEA and/or any persons related to AEA  have had with Carolyn Millender and/or relating to Carolyn Millender;

5)    All calendars and/or calendar-like material (electronic and/or paper) that reflect any appointments, meetings, phone conversations, contacts and/or conferences AEA and/or any persons related to AEA  have had with persons relating to Carolyn Millender;

6)    All contracts, agreements and/or documents including but not limited to any emails, memos, work sheets, logs, notes, reports, facsimiles, and/or letters (hand written and/or typed) reflecting and/or relating to all contracts and/or agreements  AEA and/or any other person have made with Carolyn Millender and/or on behalf of Carolyn Millender;

7)    All recordings, emails, memos, work sheets, logs, journals, notations, notes, reports, facsimile, letters (hand written and/or typed) text messages, and/or any other kind of documentation  reflecting and /or relating to the July 25, 2006 employee conference with AEA attended by, among others, Carolyn Millender;

Page 2 of 3

8)      All recorded and/or electronically stored information relating to and/or about Carolyn Millender;

9)      All emails, memos, work sheets, logs, journals, notations, notes, text messages, reports, facsimiles, letters (hand written and/or typed) and/or any other kind of documentation reflecting and/or relating to all communications AEA and/or any persons you have had with any other current or former Trenholm employees since 2001 relating to Carolyn Millender and/or claims/concerns about discrimination and/or unequal pay.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CAROLYN MILLENDER,                    *

    Plaintiff,                    *

                                               *            CASE No:      2:07-cv-145-MHT

                                              *

    vs.                    *

                                              *

H. COUNCIL TRENHOLM,
TECHNICAL COLLEGE                    *

    Defendants,                    *

## AFFIDAVIT OF GREGORY T. GRAVES

STATE OF ALABAMA            )
COUNTY OF MONTGOMERY    )

    Before me, the undersigned authority in and for said county and state, personally appeared Gregory T. Graves, who after first being duly sworn, says as follows:

    1.     My name is Gregory T. Graves. My address is 3690 Carriage Oaks Drive, Montgomery, Alabama 36116. I am over the age of nineteen years, and I have personal knowledge of the matters set forth herein.

    2.     I am an attorney licensed to practice in the State of Alabama. I am currently employed as Assistant to the Associate Executive Secretary for Legal Services ("Legal Assistant") for the Alabama Education Association and have been so employed since September 2005. One of my duties as Legal Assistant includes reviewing requests by members of the association for legal assistance. The normal procedure for handling such requests is 1) applications are received by the PR&R Records Secretary; 2) the secretary gives the application a file number and creates a physical file; 3) the secretary inputs the file into our file management computer program; 4) the secretary confirms the membership status of the applicant; 5) the secretary forwards the application to me; 6) I make an initial review of the application; 7) I brief the case and present it to the Associate Executive Secretary with my recommendation for action; 8) the Associate Executive Secretary makes a decision to grant legal assistance, to refer the matter to local AEA staff for investigation or to attempt informal resolution of the matter, to deny the application outright, or to take other action.. This has been the normal procedure since my arrival at AEA and based on conversations with my predecessors and the documentary record has been the process dating back to at least 1995. In this matter and in order for AEA to respond to

defendant's disputed discovery requests, AEA would have to divulge confidential information secured from applications for legal assistance filed by members seeking legal representation. This information was provided to AEA in confidence and solely for the purpose of obtaining legal representation. Further, the documents are simply reviewed by me and the Associate Executive Secretary of AEA, and no others. Because of this, AEA believes these applications for legal assistance to be protected from discovery because of the attorney client privilege existing between me and the member seeking legal representation, a privilege previously recognized by the Alabama State Bar's Office of General Counsel.

GREGORY T. GRAVES

SWORN TO AND SUBSCRIBED TO ME
on this the _11_ day of _October_ , 2007.

Notary Public

My Commission Expires _1/19/2010_