IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CAROLYN MILLENDER ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| vs. ) | CASE NO.: 2:07-cv145-MHT |
| ) | |
| H. COUNCIL TRENHOLM STATE ) | |
| TECHNICAL COLLEGE and ANTHONY ) | |
| MOLINA, in his official capacity as ) | |
| President of H. Councill Trenholm State ) | |
| College ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MOTION TO QUASH DEFENDANTS' CIVIL SUBPOENA TO NON-PARTY ALABAMA EDUCATION ASSOCIATION**

COMES NOW Plaintiff, moves this Court quash the Civil Subpoena attached hereto as Exhibit A. In support of this motion, Plaintiff shows the following:

1. Without notice to Plaintiff, Defendants served Alabama Education Association (hereinafter referred to as "AEA") a civil subpoena on October 5, 2007. (See attached Exhibit B). The subpoena calls for all communications, documents and recordings relating to Carolyn Millender, Anthony Molina and/or allegations of sex discrimination and/or unequal pay at Trenholm State Technical College including the following:

(a). Professional Rights and Responsibility forms relating to Ms. Millender;

(b). All e-mails, memos, calenders, work sheets, logs, journals, notations, notes, text messages, reports, facsimiles, letters (handwritten and/or typed) and/or any other documentation of any kind reflecting and/or relating to all communications any persons have had with Carolyn Millender;

(c). All e-mails, memos, calenders, work sheets, logs, notes, text message, reports, facsimile, letters (handwritten and/or typed) and/or any other documentation of any kind reflecting and/or relating to all communications AEA and or any persons related to AEA have had with any persons relating to Carolyn Millender;

(d). All calenders and/or calendar-like material (electronic and/or paper) that reflect any appointments, meetings, phone conversations, contacts and/or conferences AEA and/or any persons related to AEA have had with Carolyn Millender and/or relating to Carolyn Millender;

(e). All calendars and/or calendar-like material (electronic and/or paper) that reflect any appointments, meetings, phone conversations, contacts and/or conferences AEA and/or any persons related to AEA have had with persons relating to Carolyn Millender;

(f). All contracts, agreements and/or documents including but not limited to any e-mails, memos, work sheets, logs, notes reports, facsimiles, and/or letters (handwritten and/or typed) reflecting and/or relating to all contracts and/or agreements AEA and/or any other person have made with Carolyn Millender and/or on behalf of Carolyn Millender;

(g). All recordings, e-mails, memos, work sheets, logs, journals, notations, notes, reports, facsimile, letters (handwritten and/or typed) text messages, and/or any other kind of documentation reflecting and/or relating to the July 25, 2006 employee conference with AEA attended by, among others, Carolyn Millender;

    (h).    All recorded and/or electronically stored information relating to and/or about Carolyn Millender;

    (I).    All e-mails, memos, work sheets, logs, journals, notations, notes, text messages, reports, facsimiles, (handwritten and/or typed) and/or any other kind of documentation reflecting and/or relating to all communications AEA and/or any persons you have had with any other current or former Trenholm employees since 2001 relating to Carolyn Millender and/or claims/concerns about discrimination and/or unequal pay.

2.    This subpoena is due to be quashed pursuant to Federal Rule of Civil Procedure 45 for the following reasons:

    (a).    Under Rule 45(c)(3)(A)(iii), because this subpoena requires the disclosure of confidential and personal information relating to Carolyn Millender. AEA is an association that provides, among other services, legal assistance to its members. As a member of AEA, Carolyn Millender has certain access to legal communications and advice. Carolyn Millender filed a request with AEA for the sole purpose of obtaining such legal assistance. The information provided to AEA was provided in confidence and with the sole purpose of obtaining legal representation. Moreover, any information provided to AEA is reviewed by legal counsel and the Associate Executive Secretary of AEA, and no others. Therefore, any information provided to AEA relating to Carolyn Millender is protected by the attorney-client privilege. (See attached Exhibit C, Affidavit of Carolyn Millender).

(b).  During Carolyn Millender's deposition, she was asked about the very communications with AEA that are the subject of this subpoena. She was instructed not answer. (See attached Exhibit D, Deposition of Carolyn Millender, pages 310-316).

(c).  Moreover, Carolyn Millender maintains her objections to the communications as being privileged and non-discoverable. This subpoena is simply a backdoor method of trying to obtain privileged information, especially given the fact that Ms. Millender's counsel were not served with a copy of said subpoena.

(d).  Under Rule 45(b) because Carolyn Millender was not provided any notice of any command for production of documents as required by Rule 45(b). Rule 45(b) states in part, "Prior notice of any commanded production of documents and things or inspection of premises before trial shall be served on each party in the manner prescribed by Rule 5(b)." Fed.R.Civ.P. 45(b)(1). Moreover, in 1991, Rule 45(b)(1) was specifically amended allow notice to parties. "A provision requiring service of prior notice pursuant to Rule 5 of compulsory pretrial produce or inspection has been added to paragraph (b)(1). The purpose of such notice is to afford other parties an opportunity to object to the production or inspection, or to serve a demand for additional documents or things." Fed.R.Civ. 45(b)(1) advisory committee's note. Carolyn Millender did not receive any such notice which is a violation of Rule 45 (b)(1).

For these reasons, Plaintiff Millender respectfully moves this Court to quash the civil subpoena to non-party AEA.

**DONE** this the 18th day of October, 2007.

/s/William F. Patty
**WILLIAM F. PATTY [PATTW4197]**
Attorney for Plaintiff Carolyn Millender

**OF COUNSEL:**
BEERS, ANDERSON, JACKSON,
  PATTY & FAWAL, P.C.
P.O. Box 1988
Montgomery, AL 36102-1988
334-834-5311 (phone)
334-834-5362 (fax)
Email: bpatty@beersanderson.com

/s/Candis A. McGowan
**CANDIS A. McGOWAN**
Attorney for Plaintiff Carolyn Millender

**OF COUNSEL:**
WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301-19th Street North
Birmingham, AL 35203
205-314-0513 (phone)
205-314-0713 (fax)
Email:cmcgowan@wcqp.com

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing PLAINTIFF'S MOTION TO QUASH DEFENDANTS' CIVIL SUBPOENA TO NON-PARTY ALABAMA EDUCATION ASSOCIATION was delivered to opposing counsel of record in this cause via HAND DELIVERY, this the 18th day of October, 2007:

Mary A. Goldthwaite
Office of Attorney General
11 South Union Street
Montgomery, AL 36130

                                                /s/ William F. Patty
                                                OF COUNSEL

# United States District Court

_____ For the Middle _____ District of __Alabama, Northern Division__

Carolyn Millender   V.   H. Councill Trenholm Technical College

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: 2:07-cv-145-MHT

TO: **Custodian of Records**
**Alabama Education Association**
**422 Dexter Avenue**
**Montgomery, AL 36104**

[ ] YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  |  |
|  | DATE AND TIME |
|  |  |

[ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
|  |  |

[X] YOU ARE COMMANDED to produce the following documents or objects at the place, date, and time specified below (list documents or objects):

**See document attached hereto**

| PLACE: Office of the Attorney General -- Civil Division 11 South Union Street Montgomery, AL 36130 | DATE AND TIME October 20, 2007 |
| --- | --- |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR A PLAINTIFF OR DEFENDANT) *[signature]* Mary A. Goldthwaite, Attorney for the Defendant | DATE 10/5/07 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Mary Goldthwaite, Esq.
Office of the Attorney General -- Civil Division
11 South Union Street
Montgomery, AL 36130
(334) 353-9189/(334) 242-2433 (fax)

**PLAINTIFF'S EXHIBIT 4**

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

|  |  |  |
|---|---|---|
| PROOF OF SERVICE | | |
| SERVED | DATE | PLACE |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE<br>Certified Mail |
| SERVED BY (PRINT NAME) | | TITLE |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

ule 45, Federal Rules of Civil Procedure, Parts C & D:

) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
   (1) A party or an attorney responsible for the issuance and ervice of a subpoena shall take reasonable steps to avoid posing undue burden or expense on a person subject to that ubpoena. The court on behalf of which the subpoena was issue hall enforce this duty and impose upon the party or attorney in reach of this duty an appropriate sanction, which may include, but not limited to, lost earnings and a reasonable attorney's fee.

   (2)(A) A person commanded to produce and permit inspection nd copying of designated books, papers, documents or tangible ings, or inspection of premises need not appear in person at the lace of production or inspection unless commanded to appear for eposition, hearing or trial.

   (B) Subject to paragraph (d)(2) of this rule, a person ommanded to produce and permit inspection and copying may, ithin 14 days after service of the subpoena or before the time pecified for compliance if such time is less than 14 days after ervice, serve upon the party or attorney designated in the ubpoena written objection to inspection or copying of any or all of e designated materials or of the premises. If objection is made, e party serving the subpoena shall not be entitled to inspect and opy the materials or inspect the premises except pursuant to an rder of the court by which the subpoena was issued. If objection as been made, the party serving the subpoena may, upon notice to e person commanded to produce, move at any time for an order compel the production. Such an order to compel production shall rotect any person who is not a party or an officer of a party from ignificant expense resulting from the inspection and copying ommanded.

   (3)(A) On timely motion, the court by which a subpoena was sued shall quash or modify the subpoena if it

   (I) fails to allow reasonable time for compliance;
   (ii) requires a person who is not a party or an officer of a party to avel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
   (iii) requires disclosure of privileged or other protected matter and no exception or waiver apples, or
   (iv) subjects a person to undue burden.
(B) If a subpoena
   (I) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
   (ii) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
   (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will b reasonable compensated, the court may order appearance or production only upon specified conditions.

(D) DUTIES IN RESPONDING TO SUBPOENA.
   (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of busines or shall organize and label them to correspond with the categories in the demand.

   (2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation material, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, o things not produced that is sufficient to enable the demanding party to contest the claim.

## DEFINITIONS

&ast;   "Person" and/or "persons" mean all individual and/or entities, including without limitation individuals, associations, companies, partnerships, joint ventures, corporations, trusts, estates, agencies and/or governmental entities.

&ast;   "Identify" means to state a person or entity's full name, address and telephone number, and with respect to a document, to identify its author, recipient, date and a description of its contents.

&ast;   "Relate to," "Relating to," "Related to" and/or "indicating" mean connected with, regarding, discussing, referring to, or in any way pertaining to.

&ast;   "Communication" and/or "Communications" shall mean all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, correspondence, notes, emails, text messages or any other form of oral, written and/or electronic communication.

**YOU ARE COMMANDED to produce the following documents or objects at the place, date, and time specified below (list documents or objects):**

All communications, documents and recordings relating to Carolyn Millender, Anthony Molina and/or allegations of sex discrimination and/or unequal pay at Trenholm State Technical College including but not limited to, the following:

1)   The Professional Rights and Responsibility (PR&R) form(s) relating to Ms Millender;

2)   All emails, memos, calendars, work sheets, logs, journals, notations, notes, text messages, reports, facsimiles, letters (hand written and/or typed) and/or any other documentation of any kind reflecting and/or relating to all communications any persons have had with Carolyn Millender;

Page 1 of 3

3) All emails, memos, calendars, work sheets, logs, notes, text messages, reports, facsimile, letters (hand written and/or typed) and/or any other documentation of any kind reflecting and/or relating to all communications AEA and or any persons related to AEA have had with any persons relating to Carolyn Millender;

4) All calendars and/or calendar-like material, (electronic and/or paper) that reflect any appointments, meetings, phone conversation, contacts and/or conferences AEA and/or any persons related to AEA have had with Carolyn Millender and/or relating to Carolyn Millender;

5) All calendars and/or calendar-like material (electronic and/or paper) that reflect any appointments, meetings, phone conversations, contacts and/or conferences AEA and/or any persons related to AEA have had with persons relating to Carolyn Millender;

6) All contracts, agreements and/or documents including but not limited to any emails, memos, work sheets, logs, notes, reports, facsimiles, and/or letters (hand written and/or typed) reflecting and/or relating to all contracts and/or agreements AEA and/or any other person have made with Carolyn Millender and/or on behalf of Carolyn Millender;

7) All recordings, emails, memos, work sheets, logs, journals, notations, notes, reports, facsimile, letters (hand written and/or typed) text messages, and/or any other kind of documentation reflecting and /or relating to the July 25, 2006 employee conference with AEA attended by, among others, Carolyn Millender;

8) All recorded and/or electronically stored information relating to and/or about Carolyn Millender;

9) All emails, memos, work sheets, logs, journals, notations, notes, text messages, reports, facsimiles, letters (hand written and/or typed) and/or any other kind of documentation reflecting and/or relating to all communications AEA and/or any persons you have had with any other current or former Trenholm employees since 2001 relating to Carolyn Millender and/or claims/concerns about discrimination and/or unequal pay.

# WIGGINS, CHILDS, QUINN & PANTAZIS
### A LIMITED LIABILITY COMPANY

ROBERT L. WIGGINS, JR.
ROBERT F. CHILDS, JR.
C. MICHAEL QUINN
DENNIS G. PANTAZIS
TERRILL W. SANDERS
RICHARD J. EBBINGHOUSE
ANN K. WIGGINS
SAMUEL FISHER
ANN C. ROBERTSON
JOSEPH H. CALVIN, III
DEBORAH A. MATTISON
TIMOTHY B. FLEMING*
JON C. GOLDFARB
GREGORY O. WIGGINS
ROCCO CALAMUSA, JR.
BRIAN M. CLARK
RUSSELL W. ADAMS
CRAIG L. LOWELL
EDWARD McF. JOHNSON

LOUIS SILBERMAN 1889-1976

WILBUR G. SILBERMAN 1919-2003

THE KRESS BUILDING
THREE HUNDRED ONE - NINETEENTH STREET NORTH
BIRMINGHAM, ALABAMA 35203
205-314-0500
205-254-1500 (FAX)

*LORI B. KISCH
*ERIC BACHMAN
HERMAN N. JOHNSON, JR.
TEMPLE D. TRUEBLOOD
H. WALLACE BLIZZARD
KEVIN W. JENT
JENNIFER WIGGINS SMITH
SUSAN DONAHUE
JOSHUA D. WILSON
*KEIR BICKERSTAFFE
TONI BRAXTON
*JULIENE JAMES
ETHAN R. DETTLING
JAMES V. DOYLE, JR.
RACHEL LEE McGINLEY
MELISSA N. TAPP

CANDIS A. McGOWAN
OF COUNSEL
*Not Licensed in Alabama

October 10, 2007

**VIA FACSIMILE, E-MAIL AND U.S. MAIL**
Mary A. Goldwaithe
Office of Attorney General
11 South Union Street
Montgomery, AL 36130

    RE:    Carolyn Millender v. H. Councill Trenholm State Technical College, et. al.
            Civil Action No.: 2:07-cv-145-MHT

Dear Mary:

      It has come to our attention that you have served a non-party subpoena to AEA in this matter and have not served us with a copy of the same. Pursuant to the Rules 5 and 45(b)(1) Fed. R. Civ. P, you have a duty to serve us with copies of all non-party subpoenas you issue and serve in this matter. Please immediately provide us with copies of any non-party subpoenas that you have issued and served in this matter and complete copies of any documents you have received in response to the same.

                         Sincerely,

                         Candis A. McGowan

CAM/kw

    cc:    William F. Patty, Esq.


PLAINTIFF'S EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CAROLYN MILLENDER,            *

    Plaintiff,              *

vs.                           *


H. COUNCIL TRENHOLM           *
TECHNICAL COLLEGE and
ANTHONY MOLINA, in his official   *
capacity as President of H. Council
Trenholm State College        *

    Defendants.

## AFFIDAVIT OF CAROLYN MILLENDER

STATE OF ALABAMA        )
COUNTY OF MONTGOMERY    )

    Before me, the undersigned authority in and for said county and state, personally appeared Carolyn Millender, who after first being duly sworn, says as follows:

    1. My name is Carolyn Millender. My address is 3552 Dee Drive, Montgomery, Alabama 36116. I am over the age of nineteen (19), and I have personal knowledge of the matters set forth therein.

    2. I am currently an employee at H. Council Trenhold Technical College. I am employed as the Director of Work Keys and Technical Preparation. I am a member of the Alabama Education Association (hereinafter referred to as "AEA"). I believe that I am being sexually discriminated against by H. Council Trenholm Technical College and its President, Anthony Molina. I filed a request with AEA for the sole purpose of seeking legal assistance, legal advice, and legal representation regarding this matter. I believed that all communications and information that I provided to AEA was done in confidence and with the sole purpose of furthering my legal representation. Therefore, I believed all communications and information that I provided to AEA was protected under the attorney-client privilege. I have not waived the privilege under any circumstances and I am still under the belief that any further communications and/or information that I provide to AEA is protected under the attorney-client privilege.

    3. During my deposition taking on September 7, 2007, I asserted the attorney-client



privilege regarding my communications with AEA and attorney Greg Graves. (See attached Exhibit A.) I clearly informed Ms. Goldthwaite that I sought legal representation from the legal department of AEA and that I was not waiving my right to the attorney-client privilege for all of my communications with AEA regarding this matter. (*Id.*)

_____
CAROLYN MILLENDER

SWORN TO AND SUBSCRIBED TO ME
on this the 17 day of Oct, 2007

_____
Notary Public

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: July 22, 2009
BONDED THRU NOTARY PUBLIC UNDERWRITERS

My Commission Expires

```
1    Q.   When?
2    A.   When I went to AEA.
3    Q.   When?
4    A.   Right now, I am not exactly sure of the
5         date.  Somewhere between May and June I
6         believe is when I went to AEA.  I'm not
7         exactly sure, but it was in 2006.
8    Q.   You think it was sometime in June 2006?
9              MS. MCGOWAN:  Object to the form.  She
10                  said she doesn't remember whether
11                  it was May or June.
12   A.   Again, I don't recall the exact date the time
13        that I met her.
14   Q.   When did you first contact a lawyer?
15   A.   A lawyer?
16   Q.   Yes.  You're sitting here with two lawyers
17        representing you, correct?
18   A.   I am.
19   Q.   Okay.  When did you first contact a lawyer,
20        any lawyer, to represent you in this matter?
21   A.   I believe once I went to AEA and they decided
22        to --
23             MS. MCGOWAN:  Well, don't discuss
```

*Laura A. Head, Court Reporter*
(334) 286-4938 or (334) 202-4851



PLAINTIFF'S EXHIBIT D

|    |    |                                                           |
|----|----|-----------------------------------------------------------|
| 1  |    | anything you talked about that may                       |
| 2  |    | waive the privilege. Just give                           |
| 3  |    | her a day if you remember the day.                       |
| 4  | A. | I'm not exactly sure.                                    |
| 5  | Q. | Did you talk with anybody at AEA who was a               |
| 6  |    | lawyer?                                                   |
| 7  |    | MS. MCGOWAN: If you know.                                 |
| 8  | Q. | Wait. Don't tell me anything you don't                   |
| 9  |    | know. Did you talk with anybody at AEA who               |
| 10 |    | was not a lawyer?                                         |
| 11 |    | MS. MCGOWAN: I'm going to object and                      |
| 12 |    | just and put this on the Record.                         |
| 13 |    | She may not know. There are                              |
| 14 |    | several lawyers up there on that                         |
| 15 |    | floor. And all of them have law                          |
| 16 |    | degrees, and all of them are                             |
| 17 |    | lawyers. And she may not know                            |
| 18 |    | that because they don't say I'm a                        |
| 19 |    | lawyer when they answer the phone.                       |
| 20 | Q. | Who did you understand you were talking to               |
| 21 |    | who was a lawyer when you went to AEA?                   |
| 22 | A. | Mr. Greg Graves I believe.                               |
| 23 | Q. | Mr. who?                                                  |