UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CAROLYN MILLENDER | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) CASE NO.:  2:07-cv-145-MHT |
| | ) |
| H. COUNCILL TRENHOLM STATE | ) |
| TECHNICAL COLLEGE; ANTHONY | ) |
| MOLINA, in his official capacity as | ) |
| President of H. Councill Trenholm State | ) |
| College | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT'S RESPONSE IN
OPPOSITION TO MOTIONS TO QUASH FILED BY AEA AND THE
PLAINTIFF**

COMES NOW, the Defendant and responds to the Alabama Education Association ("AEA") and the Plaintiff's motions[1] to quash Defendant's subpoena as follows:

1.  That on Tuesday, October 9, 2007, the Alabama Education Association (referred to hereafter as "AEA") was served by certified mail with a non-party subpoena asking that requested documents be produced by October 20, 2007.

2.  That subsequently thereto, on October 18, 2007, AEA filed what appears to be a partial motion to quash.  Therein, AEA asserts that only "*certain* documents in the possession of AEA are protected from disclosure by the attorney-client privilege and/or work-product doctrine."  (See AEA's Motion to Quash, p.1.)  These documents total twenty-three (23) in number.  *However, neither these twenty-three (23) documents nor*

---

[1] AEA filed a Motion to Quash Defendant's Subpoena ; Plaintiff's counsel also filed a motion to quash styled "Plaintiff's Motion to Quash Defendants' Civil Subpoena to Non-Party Alabama Education Association."

*the other fourteen (14) documents AEA lists at A.-N². appear to address all the documents requested, including but not limited to, the contracts/agreements referenced in paragraph 6 and the calendar and/or calendar like material referenced in paragraph 5.*

3. That the twenty-three (23) documents about which AEA is asserting the attorney-client privilege and/or the work-product privilege are identified at paragraphs O-KK of AEA's Motion to Quash. Out of these twenty-three (23) documents in issue, nineteen (19) are identified as letters from either attorney William Patty or attorney Candis McGowan to Dr. Joe Reed, and one (1) is identified as a letter from attorney Theron Stokes to Dr. Joe L. Reed. (See AEA's Motion to Quash at P, R.- JJ.)

4. That AEA appears to describe the above referenced communications between Dr. Joe Reed and attorneys Candis McGowan and William Patty "as communications between AEA and its own counsel, or as the work product (i.e., mental impressions) of AEA's own counsel. (See AEA's Motion to Quash, p. 7.) However, no requested contracts and/or agreements have been produced to reflect the same.

5. That the remaining three (3) documents in issue include two (2) letters from Dr. Joe L. Reed to the Plaintiff Carolyn Millender and one (1) PR&R Form prepared by Ms. Millender. (See AEA's Motion to Quash at O, Q and KK.) Defendant asserts that these two (2) letters are not protected from disclosure by a privilege since neither person is an attorney, nor is there any indication by way of submitted law or otherwise that these letters fall within the scope of communications to or from the lawyer's subordinate. Moreover, these letters do not qualify as work product.

6. The PR&R Form seeks information from the AEA member about the facts and the nature of the issue. (See AEA's Motion to Quash, p. 2.) Pure facts are not subject to the attorney-client privilege or work product protection. See *Upjohn Co. V. United States*, 449 U.S. 383, 101 S. Ct. 677, 66 L. Ed 584 (1981) According to AEA, this form is subsequently reviewed by other AEA personnel, in addition to in-house counsel to decide whether AEA will provide representation. (See AEA's Motion to Quash at p.2.) Courts however have held that documents constituting any part of a factual inquiry into

---

[2]   AEA does not claim a privilege regarding those matters identified at A-N and will produce them if requested to do so. (See AEA's Motion to Quash at p. 2 and 3.)

or evaluation of a claim, undertaken in order to arrive at a claim decision, are produced in the ordinary course of an insurers business and are not work product.

7.   AEA also appears to assert a privilege with regard to documents contained in the file of Ann Sippial, who serves as a Uniserve Director for AEA on the flimsy and overly far reaching grounds that she is involved in employment related disputes that have possible legal ramifications. Ordinarily, the work-product doctrine does not shield from discovery documents created by third parties.

8.   Plaintiff's counsel, Candis McGowan and William Patty, who AEA claims are representing AEA in this matter also, filed a motion to quash the subpoena on October 18, 2007. They assert therein they were not provided a copy of the non-party subpoena from the Defendant when the subpoena was served on AEA. This ground is without merit.

9.   The subpoena in issue dated October 5, 2007 was first served by certified mail on AEA on Tuesday October 9, 2007. (See Ex. 1.) The very next day, on Wednesday, October 10, 2007, Plaintiff's counsel emailed a letter dated October 10, 2007, to defense counsel advising that "it has come to our attention that you have served a non-party subpoena to AEA in this matter and have not served us with a copy of the same." (See Plaintiff's Motion to Quash at Ex B.) A copy of the same was promptly provided to Plaintiff's counsel.

10.   The party asserting the attorney-client privilege and the work-product doctrine has the burden of proving the existence of the privilege and the burden of showing the applicability of the doctrine. Moreover the attorney client privilege is, as a matter of law, construed narrowly so as not to exceed the means necessary to support the policy which it promotes. *Fisher v United States*, 425 U.S. 391, 96 S. Ct.1569, 48 L.Ed 2d 39(1976). AEA and the Plaintiff have failed to meet their burden of proof.

WHEREFORE, Defendant respectfully requests that this Honorable Court deny the motions to quash filed on behalf of AEA and the Plaintiff with regard to the PR&R form and to the extent AEA is withholding any documents responsive to the subpoena in issue that are not listed in its motion under its privilege log. Defendant further requests for the reasons stated herein that the motions to quash be denied with respect to the letters

from Dr. Joe Reed to Carolyn Millender. In addition, Defendant requests that the motion to quash be denied to the extent it addresses the Uniserve Director Ann Sippial's file. Finally, Defendant requests that with regard to the communications between Plaintiff's counsel and Dr. Joe Reed that the motions to quash be denied or a ruling withheld pending production of agreements/contracts related to the same.

Respectfully submitted,

TROY KING
Attorney General
By:

  /s/  MARY GOLDTHWAITE
MARY GOLDTHWAITE
(GOL013)
Assistant Attorney General


OF COUNSEL:


OFFICE OF THE ATTORNEY GENERAL
11 South Union Street
Montgomery, AL  36130
(334) 353-9189
(334) 242-2433  (fax)

4

## CERTIFICATE OF SERVICE

I hereby certify that I have, on this 29th day of October , 2007, electronically filed the foregoing with the Clerk of the Court, using the CM/ECF filing system, and that I have further served a copy of the foregoing upon the foregoing, by placing same in the United States Mail, postage prepaid and properly addressed as follows:

William F. Patty, Esq.
William R. Gordon, Jr., Esq.
BEERS, ANDERSON, JACKSON
PATTY, VAN HEEST & FAWAL, PC
250 Commerce Street, Suite 100
Montgomery, AL  36104

Candis A. McGowan, Esq.
WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, AL  35203

J. Cecil Gardner, Esq.
ALABAMA EDUCATION ASSOCIATION
PO Box 3103
Mobile, AL  36652

/s/  MARY GOLDTHWAITE
OF COUNSEL

# United States District Court

_____ For the Middle _____ District of __Alabama, Northern Division__

COPY

| | |
|---|---|
| Carolyn Millender  V.  H. Councill Trenholm Technical College | **SUBPOENA IN A CIVIL CASE**<br><br>CASE NUMBER: 2:07-cv-145-MHT |

TO: **Custodian of Records**
      **Alabama Education Association**
      **422 Dexter Avenue**
      **Montgomery, AL 36104**

[ ] YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

[ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION - | DATE AND TIME |
|---|---|
| | |

[X] YOU ARE COMMANDED to produce the following documents or objects at the place, date, and time specified below (list documents or objects):

**See document attached hereto**

| PLACE:<br>Office of the Attorney General – Civil Division<br>11 South Union Street<br>Montgomery, AL 36130 | DATE AND TIME<br><br>October 20, 2007 |
|---|---|

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR A PLAINTIFF OR DEFENDANT)<br><br>_[signature]_<br>Mary A. Goldthwaite, Attorney for the Defendant | DATE<br><br>10/5/07 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Mary Goldthwaite, Esq.
Office of the Attorney General – Civil Division
11 South Union Street
Montgomery, AL 36130
(334) 353-9189/(334) 242-2433 (fax)

**EXHIBIT 1**

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

|  |  |  |
|---|---|---|
|  | PROOF OF SERVICE | |
| SERVED | DATE | PLACE |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
　　　　　　　　　　DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

ule 45, Federal Rules of Civil Procedure, Parts C & D:

) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
 (1) A party or an attorney responsible for the issuance and
ervice of a subpoena shall take reasonable steps to avoid
 posing undue burden or expense on a person subject to that
ubpoena. The court on behalf of which the subpoena was issue
hall enforce this duty and impose upon the party or attorney in
 reach of this duty an appropriate sanction, which may include, but
 not limited to, lost earnings and a reasonable attorney's fee.

 (2)(A) A person commanded to produce and permit inspection
nd copying of designated books, papers, documents or tangible
 ings, or inspection of premises need not appear in person at the
lace of production or inspection unless commanded to appear for
eposition, hearing or trial.

 (B) Subject to paragraph (d)(2) of this rule, a person
ommanded to produce and permit inspection and copying may,
 ithin 14 days after service of the subpoena or before the time
pecified for compliance if such time is less than 14 days after
ervice, serve upon the party or attorney designated in the
ubpoena written objection to inspection or copying of any or all of
 e designated materials or of the premises. If objection is made,
 e party serving the subpoena shall not be entitled to inspect and
opy the materials or inspect the premises except pursuant to an
rder of the court by which the subpoena was issued. If objection
as been made, the party serving the subpoena may, upon notice to
e person commanded to produce, move at any time for an order
 compel the production. Such an order to compel production shall
rotect any person who is not a party or an officer of a party from
ignificant expense resulting from the inspection and copying
ommanded.

 (3)(A) On timely motion, the court by which a subpoena was
sued shall quash or modify the subpoena if it

 (I) fails to allow reasonable time for compliance;
 (Ii) requires a person who is not a party or an officer of a party to
avel to a place more than 100 miles from the place where that

person resides, is employed or regularly transacts business in
person, except that, subject to the provisions of clause (c)(3)(B)(iii)
of this rule, such a person may in order to attend trial be
commanded to travel from any such place within the state in which
the trial is held, or
 (Iii) requires disclosure of privileged or other protected matter
and no exception or waiver apples, or
 (Iv) subjects a person to undue burden.
 (B) If a subpoena
 (I) requires disclosure of a trade secret or other confidential
research, development, or commercial information, or
 (ii) requires disclosure of a trade secret or other confidential
research, development, or commercial information, or
 (Iii) requires a person who is not a party or an officer of a party
to incur substantial expense to travel more than 100 miles to attend
trial, the court may, to protect a person subject to or affected by the
subpoena is issued shows a substantial need for the testimony or
material that cannot be otherwise met without undue hardship and
assures that the person to whom the subpoena is addressed will b
reasonable compensated, the court may order appearance or
production only upon specified conditions.

(D) DUTIES IN RESPONDING TO SUBPOENA.
 (1) A person responding to a subpoena to produce documents
shall produce them as they are kept in the usual course of busines
or shall organize and label them to correspond with the categories
in the demand.

 (2) When information subject to a subpoena is withheld on a
claim that is privileged or subject to protection as trial preparation
material, the claim shall be made expressly and shall be supported
by a description of the nature of the documents, communications, o
things not produced that is sufficient to enable the demanding party
to contest the claim.

## DEFINITIONS

\*   "Person" and/or "persons" mean all individual and/or entities, including without limitation individuals, associations, companies, partnerships, joint ventures, corporations, trusts, estates, agencies and/or governmental entities.

\*   "Identify" means to state a person or entity's full name, address and telephone number, and with respect to a document, to identify its author, recipient, date and a description of its contents.

\*   "Relate to," "Relating to," "Related to" and/or "indicating" mean connected with, regarding, discussing, referring to, or in any way pertaining to.

\*   "Communication" and/or "Communications" shall mean all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, correspondence, notes, emails, text messages or any other form of oral, written and /or electronic communication.

**YOU ARE COMMANDED to produce the following documents or objects at the place, date, and time specified below (list documents or objects):**

All communications, documents and recordings relating to Carolyn Millender, Anthony Molina and/or allegations of sex discrimination and/or unequal pay at Trenholm State Technical College including but not limited to, the following:

1)   The Professional Rights and Responsibility (PR&R) form(s) relating to Ms Millender;

2)   All emails, memos, calendars, work sheets, logs, journals, notations, notes, text messages, reports, facsimiles, letters (hand written and/or typed) and/or any other documentation of any kind reflecting and/or relating to all communications any persons have had with Carolyn Millender;

Page 1 of 3

3) All emails, memos, calendars, work sheets, logs, notes, text messages, reports, facsimile, letters (hand written and/or typed) and/or any other documentation of any kind reflecting and/or relating to all communications AEA and or any persons related to AEA have had with any persons relating to Carolyn Millender;

4) All calendars and/or calendar-like material, (electronic and/or paper) that reflect any appointments, meetings, phone conversation, contacts and/or conferences AEA and/or any persons related to AEA have had with Carolyn Millender and/or relating to Carolyn Millender;

5) All calendars and/or calendar-like material (electronic and/or paper) that reflect any appointments, meetings, phone conversations, contacts and/or conferences AEA and/or any persons related to AEA have had with persons relating to Carolyn Millender;

6) All contracts, agreements and/or documents including but not limited to any emails, memos, work sheets, logs, notes, reports, facsimiles, and/or letters (hand written and/or typed) reflecting and/or relating to all contracts and/or agreements AEA and/or any other person have made with Carolyn Millender and/or on behalf of Carolyn Millender;

7) All recordings, emails, memos, work sheets, logs, journals, notations, notes, reports, facsimile, letters (hand written and/or typed) text messages, and/or any other kind of documentation reflecting and /or relating to the July 25, 2006 employee conference with AEA attended by, among others, Carolyn Millender;

Page 2 of 3

8) All recorded and/or electronically stored information relating to and/or about Carolyn Millender;

9) All emails, memos, work sheets, logs, journals, notations, notes, text messages, reports, facsimiles, letters (hand written and/or typed) and/or any other kind of documentation reflecting and/or relating to all communications AEA and/or any persons you have had with any other current or former Trenholm employees since 2001 relating to Carolyn Millender and/or claims/concerns about discrimination and/or unequal pay.

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Received by (Please Print Clearly): C. Summers   B. Date of Delivery: 10/9/0<br>C. Signature: X C Summ   ☐ Agent  ☐ Addressee<br>D. Is delivery address different from item 1? ☐ Yes<br>    If YES, enter delivery address below: ☐ No |
| 1. Article Addressed to:<br><br>Custodian of Records<br>Alabama Education Association<br>422 Dexter Avenue<br>Montgomery, AL  36104 | 3. Service Type<br>☒ Certified Mail   ☐ Express Mail<br>☐ Registered      ☒ Return Receipt for Merchandise<br>☐ Insured Mail    ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)   ☐ Yes |
| 2. Article Number (Copy from service label)<br>7099 3400 0002 5735 8756 | |

PS Form 3811, July 1999    Domestic Return Receipt    102595-00-M-0952

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

Article Sent To:

| | | |
|---|---|---|
| Postage | $ .58 | |
| Certified Fee | 2.65 | Postmark Here |
| Return Receipt Fee (Endorsement Required) | 2.15 | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ 5.38 | |

Name (Please Print Clearly) (to be completed by mailer)
Custodian of Rcds AEA
Street, Apt. No.; or PO Box No.
422 Dexter Ave
City, State, ZIP+4
Montg AL 36104

7099 3400 0002 5735 8756

PS Form 3800, July 1999    See Reverse for Instructions

