IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CAROLYN MILLENDER )<br>    )<br>    Plaintiff, )<br>    )<br>    )<br>vs.   )<br>    )<br>H. COUNCIL TRENHOLM STATE )<br>TECHNICAL COLLEGE and ANTHONY )<br>MOLINA, in his official capacity as )<br>President of H. Council Trenholm State )<br>College )<br>    )<br>    Defendants. ) | CASE NO.: 2:07-cv145-MHT |

**PLAINTIFF'S REPLY BRIEF AND SUPPLEMENT TO MOTION TO QUASH**

COMES NOW Plaintiff Carolyn Millender and files this reply brief and supplements her Motion to Quash the subpoena to AEA by Defendants as follows:

**Incorporation by Reference**

Plaintiff Carolyn Millender incorporates by reference the materials filed by the Alabama Education Association and adopts those materials as if specifically set out herein.

**Factual Background**

As described by AEA and Millender in prior filings, Millender completed and gave correspondence to AEA in-house attorney, Greg Graves, for the purpose of obtaining legal representation. The correspondence or document provided to Greg Graves is called a PR&R form. This form would contain information completed by Millender and also statements by Millender of her complaints regarding her employer and her impressions of her claims. Ms. Millender's PR&R form that she gave to Greg Graves was for the sole purpose of seeking legal advice and legal

representation regarding her claims with Defendants. The PR&R form was submitted to AEA on August 25, 2006. Prior to submitting this PR&R form to AEA, Ms. Millender had filed a charge with the EEOC on August 9, 2006. This charge related to her claims that she was being discriminated against by Defendants. Millender completed the PR&R form requesting legal assistance with her problems with her employer including the initiation of legal proceedings. Prior to filing the EEOC charge, Ms. Millender had written her employer regarding her concerns of discrimination on June 27, 2006 and had a meeting with her employer and a lawyer from Postsecondary in July of 2006 regarding her complaints - all before her filing the EEOC complaint and then seeking legal assistance through the Alabama Education Association.

Greg Graves is an in-house attorney for AEA and the attorney who had communicated with Millender regarding her request for legal assistance. He reviewed the matter and the PR&R form with Dr. Joe Reed, Associate Executive Secretary of the Alabama Education Association, who made the decision of assigning legal representation to Millender. As stated in the affidavits filed in this matter, members of AEA, may be appointed legal representation by AEA and the legal services for the attorney are paid by AEA.

**PR&R Form**

This communication - PR&R form - between Millender and Graves, an attorney licensed to practice law in the State of Alabama, who is employed by AEA, was made in the anticipation of litigation, would be work product, and privileged because it was made for the sole purpose of obtaining legal representation and advice.

Pursuant to Rule 501 of the Federal Rules of Evidence, the question of privilege is governed by principles of common law as to its application to evidence involving federal claims. As to the application of privilege to state claims that are tried in Federal Court, Rule 501 states that those

claims would be governed by State law. "The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law." 8 J. *Wigmore*, Evidence §2290 (*McNaughton* Rev. 1961) (cited with approval in *Upjohn Company v. U.S.*, 449 U.S. 383 (1981)). "The purpose of the privilege is to encourage full and frank communications between attorneys and their clients and thereby promote broader public interest in observance of the law and administration of justice." *Upjohn*, 449 U.S. at 389. The privilege recognizes that sound legal advice or advocacy serves public ends and that such advice and advocacy depends upon a lawyer's being fully informed by the client. Id. The privilege rests on the need for the lawyer "to know all that relates to the client's reasons for seeking representation if the professional mission is to be carried out." Id (citations omitted). The Court recognizes that the purpose of privilege is founded upon necessity in the interests and administration of justice, of the aid of persons having knowledge of the law and skilled in its practice, which assistance can only be safely and readily availed of when free from the consequences or apprehensions of disclosure. Id; *Hunt v. Blackburn*, 128 U.S. 464 (1888).

AEA's in-house attorneys have an ongoing attorney-client relationship with the members of AEA by virtue of the members' membership. See Alabama Bar opinion attached as an exhibit to the reply brief of AEA. The PR&R document is a communication made to Greg Graves, a lawyer, by Millender, his client member, for the purpose of providing him confidential information to obtain legal counsel and advice. The communication is clearly privileged.

Mr. Graves' consultation with Dr. Joe L. Reed and the providing of that communication to Dr. Joe L. Reed for his review does not change the privilege.

First, communications between an in-house attorney and corporate employees are protected as privileged. *Upjohn Company v. U.S.*, 449 U.S. 383 (1981). In this situation, Graves acts in a role of dual representation - representing both Millender and AEA. His communication with Dr. Reed,

his client, would be a confidential and privileged communication.

By analogy, in the area of insurance defense, when counsel is appointed to assist an insured by the insurance company, the attorney has two clients - the insurer and the insured. *Disciplinary Commission RO* 1994-08. In *Mitchem v. Hudgens*, 533 So.2d 194 (Ala. 1988), the Court stated "when an insurance company retains an attorney to defend an action against the insured, the attorney represents the insured as well as the insurance company in furthering the interests of each." Id; see also *Cincinnati Insurance Company v. Willis*, 717 N.E. 2d 151, 154 (Ind. 1999) (use of staff counsel ethically permissible to represent both insured and insurer); Rule 1.8 *Alabama Rules of Professional Responsibilities* and *Alabama Disciplinary Commission RO* 1981-553.

Any statement given by Millender to Graves, including statements contained in the PR&R form, would be statements that are made in an anticipation of litigation and would be work product. As stated earlier, Millender had made complaints to Defendants in a letter of June 2006. She met with the President of Defendant Trenholm State Technical College and a lawyer from Postsecondary in July of 2006. She filed an EEOC claim August 9, 2006 and a PR&R form requesting legal representation on August 25, 2006. Again, looking at the insured/insurer analogy, in *Nationwide v. Evans*, 898 So.2d 720 (Ala. 2004), the Court held that the recorded statement of the insured to a non-lawyer at the insurance company was protected by as work product.

The common law also recognizes that communications may be made through representatives or agents of the client in order to secure legal services. Wigmore on Evidence which was cited by the *Upjohn* case with approval states, "a client's freedom of communication requires a liberty of employing other means than his own personal action. The privilege of confidence would be a vain one unless its exercise could be delegated. A communication, then, any form of agency employed or set in motion by the client is within the privilege." 8 J. Wigmore Evidence §2317; see also In re

Grand Jury Proceedings 88-9, 899 F.2d 1039, 1042 (11th Cir. 1990) (the privilege covers communications for the purpose of "securing. . . legal services or . . . assistance in some legal proceeding"); see also Alabama Rules of Evidence Rule 502 (Rule 502 sets out this common law principle when it states that the privilege applies to communications between an attorney and the client or the client's representative; representative of the client is defined as anyone having authority to obtain professional legal services or to act on legal advice rendered on behalf of the client or any other person, for the purpose of effecting legal representation for the client, makes or receives confidential communications while acting in the scope of employment of the client).

Therefore the communications between Millender and Greg Graves are clearly covered by privilege. Any communication between Greg Graves and Dr. Reed likewise would be privileged communication, this would include the PR&R form.

**Communications between Candis McGowan and William Patty to AEA regarding Millender**

The privilege log submitted by AEA in its motion listed various letters written by Candis McGowan and William Patty to Dr. Joe L. Reed. Counsel would be again in the role of a dual representation whereby counsel represents the member and AEA. These letters provide attorney impressions, trial strategy and an update of the proceedings for the case. The communications are confidential and within the privilege since they are being made between a lawyer and his client. Based upon the conference between lawyers for different parties and lawyer on behalf of AEA as directed by the Court, it appears that Defendants do not dispute the privilege applies to these communications.

**Various other documents or communications regarding Carolyn Millender**

In a subpoena there are numerous requests which ask for different types of documents or electronically stored data that refer to or regarding Millender. A privilege log has been set out by

AEA in response to this request. To the extent that the items set out in that log have not already been discussed, in either this filing or the privilege, Millender would again assert a privilege. All the communications regarding her as contained in that log would either be privileged communications between counsel and its attorneys or privileged communications made by Millender to AEA's in-house counsel to obtain legal representation.

**Request No. 6 of the Subpoena regarding Contracts and Agreements**

Item 6 of the subpoena seeks all contracts or agreements or documents relating to contracts or agreements between AEA and/or any other person has made with Millender or on behalf of Millender. This request is very vague and very broad. To the extent this requests seeks agreements or contracts between Millender and AEA such a request is totally irrelevant and would not lead to relevant admissible evidence. To the extent this request would involve communications between counsel and Millender, such communications would be privileged.

**Request No. 9 regarding Other Claims**

The last requests of the subpoena seeks all e-mails, memos, worksheets, logs, journals, notations, notes, text messages, reports, facsimiles and any other documentation reflecting and/or relating to all communications AEA and/or any persons who are current or former Trenholm State employees since 2001 "relating to Carolyn Millender and/or claims/concerns about discrimination and/or unequal pay". AEA has produced a log regarding documents that it believes are privileged and those documents that it believes are not privileged in response to the subpoena of Defendants to AEA. The request made by Defendants to AEA described above is very broad and vague. In the event that this request seeks communications with AEA regarding Millender then AEA's response and the privilege log appears to address those items in its possession regarding Millender that are responsive to the request but are privileged. Plaintiff would stand by its previous objections and the

materials she has submitted that those items are privileged. In the event that this request seeks information that is not related to Millender then Millender asserts that the request would be irrelevant, overbroad and not reasonably calculated to lead to admissible evidence. These communications might also be privileged.

**Conclusion**

In conclusion the requests made by Defendants of AEA appears to seek to invade the attorney-client privilege between Millender and her attorneys. It also seeks to impermissively interfere with the AEA's relationship with its member by seeking privileged and irrelevant discovery.

**DONE** this the 16th day of November, 2007.

/s/William F. Patty
**WILLIAM F. PATTY [PATTW4197]**
**WILLIAM R. GORDON, JR. [GORD7598]**
Attorneys for Plaintiff Carolyn Millender

**OF COUNSEL:**
BEERS, ANDERSON, JACKSON,
  PATTY & FAWAL, P.C.
P.O. Box 1988
Montgomery, AL 36102-1988
334-834-5311 (phone)
334-834-5362 (fax)
Email: bpatty@beersanderson.com

/s/Candis A. McGowan
**CANDIS A. McGOWAN**
Attorney for Plaintiff Carolyn Millender

**OF COUNSEL:**
WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301-19th Street North
Birmingham, AL 35203
205-314-0513 (phone)
205-314-0713 (fax)
Email:cmcgowan@wcqp.com

**CERTIFICATE OF SERVICE**

      I hereby certify that I electronically filed the foregoing with the Clerk of the Court on this the 16th day of November, 2007 using the CM/ECF system which will send notification of such filing to the following:

Mary A. Goldthwaite
Office of Attorney General
11 South Union Street
Montgomery, AL 36130

                                                /s/ William F. Patty
                                                OF COUNSEL