UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CAROLYN MILLENDER | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) CASE NO.:  2:07-cv-145-MHT |
| | ) |
| H. COUNCILL TRENHOLM STATE | ) |
| TECHNICAL COLLEGE; ANTHONY | ) |
| MOLINA, in his official capacity as | ) |
| President of H. Councill Trenholm State | ) |
| College | ) |
| | ) |
| Defendants. | ) |

## MOTION TO QUASH SUBPOENA OR IN THE ALTERNATIVE MODIFY SAID SUBPOENA

Comes now the Defendant, through undersigned counsel and respectfully moves this Honorable Court to quash or in the alternative modify the subpoena ( See attachment 1) issued to Joan Davis Esq. by the Plaintiff and as grounds therefore states as follows:

1.     The subpoena issued to Joan Davis, Esq. at the Department of Postsecondary was issued by the Plaintiff on November 7, and executed according to the Declaration of the Server on Thursday, November 8, 2007 commanding Ms. Davis to produce the documents specified in Attachment A seven (7) business days later on Monday, November 19, 2007 at Plaintiff's office.

2.    Said subpoena seeks an excessive and overly burdensome amount of documents many of which are irrelevant and overly broad in scope and time.

3.    Said subpoena clearly fails to allow any kind of reasonable time to comply with the onerous and burdensome nature of these overly broad requests.

4.    Said subpoena further seeks disclosure of documents and communications that are clearly protected by a privilege including the attorney client privilege and the work product privilege.

5.    Ms. Davis is legal counsel for Postsecondary Education and has been involved in this case.

6.    On November 18, 2007 a written objection to this subpoena was submitted to Plaintiff's counsel.

WHEREFORE based on the foregoing the Defendant respectfully asks this Honorable Court to quash or in the alternative modify the subpoena issued to Joan Davis by Plaintiff's counsel.

Respectfully submitted,

TROY KING
Attorney General
By:


 /s/  MARY GOLDTHWAITE
MARY GOLDTHWAITE
(GOL013)
Assistant Attorney General

OF COUNSEL:

OFFICE OF THE ATTORNEY GENERAL
11 South Union Street
Montgomery, AL  36130
(334) 353-9189
(334) 242-2433  (fax)


## CERTIFICATE OF SERVICE


I hereby certify that I have, on this the 19th day of November, 2007, electronically

filed the foregoing with the Clerk of the Court, using the CM/ECF filing system, and the

Clerk of Court will send notification of the same to the following CM/ECF participants:

William F. Patty, Esq.
William R. Gordon, Jr., Esq.
BEERS, ANDERSON, JACKSON
PATTY, VAN HEEST & FAWAL, PC
250 Commerce Street, Suite 100
Montgomery, AL  36104

Candis A. McGowan, Esq.
WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, AL  35203

J. Cecil Gardner, Esq.
ALABAMA EDUCATION ASSOCIATION
PO Box 3103
Mobile, AL  36652


                                        /s/  MARY GOLDTHWAITE
                                        OF COUNSEL

UNITED STATES DISTRICT COURT

__MIDDLE__ DISTRICT OF _____ALABAMA_____

NORTHERN DIVISION

Carolyn Millender

vs.

H. Councill Trenholm State Technical College, et al

SUBPOENA IN A CIVIL CASE

CASE NUMBER: _2:07-CV-145-MHT_

TO:    **Joan Davis, Esq.**
**Department of Postsecondary Education**
**401 Adams Avenue**
**Montgomery, Alabama 36104**

---

**XX** YOU ARE COMMANDED to produce the documents that are specified in Attachment A.

---

| PLACE | DATE AND TIME: November 19, 2007 |
|---|---|
| Beers, Anderson, Jackson, Patty & Fawal, P.C.<br>250 Commerce Street, Suite 100<br>Montgomery, AL 36102 | 10:00AM |

**Issuing Officer Signature And Title (Indicate if Attorney for Plaintiff or Defendant)**

Attorney for Plaintiff    **DATE:** November 7, 2007

**Issuing Officer's Name, Address and Phone Number**
William F. Patty
Post Office Box 1988
Montgomery, Alabama 36102-1988
(334) 834-5311

## PROOF OF SERVICE

| SERVED | DATE: | PLACE: 401 Adams Avenue<br>Montgomery, Alabama 36104 |
|---|---|---|

Served On (Print Name): Custodian of Records/Military Personnel    Manner of Service: Personal Service

Served By (Print Name): William F. Patty    Title:    Attorney for Plaintiff

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Pr of Service is true and correct.

Executed on _11-8-07_

SIGNATURE OF SERVER

250 Commerce Street, Suite 100, Montgomery, AL 36102
ADDRESS OF SERVER

Rule 45, FEDERAL RULES OF CIVIL PROCEDURE, Parts (c) & (d):

**(c) Protection of Persons Subject to Subpoenas.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial,

the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) Duties in Responding to Subpoena.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# ORDER TO PRODUCE DOCUMENTS
# (SUBPOENA DUCES TECUM)
## Attachment A

1.      Any report, correspondence, electronically stored data, letters, memorandum, or document that refers to or mentions Carolyn Millender, her job performance, job duties or her job at H. Councill Trenholm State Technical College.  This request would also include any correspondence, any and all electronically stored data, or other documents regarding her complaint of being underpaid at H. Councill Trehnolm State Technical College, or her EEOC charge against H. Councill Trenholm State Technical College, or complaint of discrimination against H. Councill Trenholm State Technical College.  This request would also include all records relating to job performance, contract work, correspondence of reports produced for supervisors showing services or work provided, all relevant personnel records or documents identifying work, supplemental pay documentation, time sheets, expense forms, progress reports, and employee evaluations.  This request would also include correspondence about promotions, demotions, accommodations, reprimands or other actions, work product including schedules if available of work performed, leave time taken, flex time or any other documentation of services or work provided.

2.      Please produce documents, electronically stored data, or other writings relating to the hiring, job performance or contract work of Willford Holt with H. Councill Trenholm State Technical College, job postings and advertisements, employment letters, position descriptions, job duties or other records related to offers, contracts, employment applications or other personnel related correspondence regarding promotions, demotions, accommodations, reprimands and other actions.

3.      Please produce documents, electronically stored data, or other writings relating to the hiring, job performance or contract work of Michael Miller with H. Councill Trenholm State Technical College, job postings and advertisements, employment letters, position descriptions, job duties or other records related to offers, contracts, employment applications or other personnel related correspondence regarding promotions, demotions, accommodations, reprimands and other actions.

4.      Please produce documents, electronically stored data, or other writings relating to the hiring, job performance or contract work of Charles Harris with H. Councill Trenholm State Technical College, job postings and advertisements, employment letters, position descriptions, job duties or other records related to offers, contracts, employment applications or other personnel related correspondence regarding promotions, demotions, accommodations, reprimands and other actions.

5.      Please produce documents, electronically stored data, or other writings relating to the hiring, job performance or contract work of Michael Evans with H. Councill Trenholm State Technical College, job postings and advertisements, employment letters, position descriptions, job duties or other records related to offers, contracts, employment applications or other personnel related correspondence regarding promotions, demotions, accommodations, reprimands and other actions.

6.      Please produce documents, electronically stored data, or other writings relating to the hiring, job performance or contract work of Timothy Gates with H. Councill Trenholm State Technical College, job postings and advertisements, employment letters, position descriptions, job duties or other records related to offers, contracts, employment applications or other personnel related correspondence regarding promotions, demotions, accommodations, reprimands and other actions.

7.      Please produce documents, electronically stored data, or other writings relating to the hiring, job performance or contract work of Quinton Ross with H. Councill Trenholm State Technical College, job postings and advertisements, employment letters, position descriptions, job duties or other records related to offers, contracts, employment applications or other personnel related correspondence regarding promotions, demotions, accommodations, reprimands and other actions.

8.      Please produce all audits, financial statements, financial reports, budgets, or other documents reflecting the financial condition of H. Councill Trenholm State Technical College from the year 2001 to present.

9.      Please produce all electronically stored data, e-mails, correspondence, memorandum, reports, or other documents reflecting a decrease in enrollment, budgets, expenses, or appropriations for H. Councill Trenholm State Technical College in 2006.

10.     Please produce all reports, audits, financial statements, or other documents that reflect or show or discuss the enrollment, budgets, appropriations, funding, expenses, revenue, or other financial condition of H. Councill Trenholm State Technical College.