IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CAROLYN MILLENDER | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | Civil Action No.  2: 07-cv145-MHT |
| | ) | |
| H. COUNCILL TRENHOLM STATE | ) | |
| TECHNICAL COLLEGE and ANTHONY | ) | |
| MOLINA, in his official capacity as | ) | |
| President of H. Councill Trenholm State | ) | |
| College | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION TO CLARIFY

Comes now undersigned counsel and, for clarification purposes, responds to AEA's cover letter submitted to the Court on November 26, 2007, along with documents, as follows:

1.      AEA's  letter dated November 26, 2007, mistakenly represents with respect to status letters from Plaintiff's counsel to Joe Reed that the "… attorney for the defendant stated [at the Court ordered conference] that she was withdrawing the request for these documents." Undersigned counsel must take exception to AEA's apparent misunderstanding and thus misinterpretation of what in fact was actually said.

2.      To date, despite requests, undersigned counsel has not seen any documented evidence that there is any kind of attorney-client relationship between Joe Reed and Plaintiff's counsel in this case.  If there is credible documented evidence that such an attorney-client relationship exits, then undersigned counsel would, as a matter of

course, refrain from seeking communications between the two and this was indicated during the above-referenced telephone conference.  Such evidence has not, however, been produced and undersigned counsel was left with at least the impression (which may or may not be correct) during said telephone conference[1] that such evidence did not exist.  Undersigned counsel was further left with the impression that AEA was not part of this case and was in fact inadvertently included on the Plaintiff's bate stamped labels.

3.     Undersigned's position with regard to the communications in issue between Joe Reed and Plaintiff's counsel has remained consistent.  In Defendant's response in opposition to AEA's and Plaintiff's motions, undersigned counsel noted that "no requested contracts and/or agreements have been produced" to reflect AEA's representation in its Motion to Quash that communications between Joe Reed and attorneys Candis McGowan and William Patty are communications between AEA and its own counsel.  (See paragraph 4 to Defendant's Response In Opposition To Motions To Quash Filed By AEA And The Plaintiff.)

4.     Defendant's response in opposition to the motions to quash concludes by asking the Court to take the following action "… with regard to the communications between Plaintiff's counsel and Dr. Joe Reed, that the motions to quash be denied or a ruling withheld pending production of agreements/contracts related to the same."

Respectfully submitted on this the 29th day of November, 2007.


                              /s/  MARY GOLDTHWAITE
                             MARY GOLDTHWAITE (GOL013)
                             Attorney for Defendant
                             Assistant Attorney General

---

[1]     An AEA lawyer other than Cecil Gardner took part in this telephone conference.

OF COUNSEL:


OFFICE OF THE ATTORNEY GENERAL
11 South Union Street
Montgomery, AL  36130
(334) 353-9189
(334) 242-2433 (fax)


## CERTIFICATE OF SERVICE


        I hereby certify that I have this 29th day of November, 2007, served a copy of the foregoing upon the following counsel, by placing a copy of the same in the U.S. Mail, properly addressed and postage prepaid upon:


William F. Patty, Esq.
BEERS, ANDERSON, JACKSON
PATTY, VAN HEEST & FAWAL, PC
250 Commerce Street, Suite 100
Montgomery, AL  36104

Candis A. McGowan, Esq.
WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, AL  35203

J. Cecil Gardner, Esq.
ALABAMA EDUCATION ASSOCIATION
PO Box 3103
Mobile, AL  36652


                                          /s/  MARY GOLDTHWAITE
                                          OF COUNSEL